# UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF MASSACHUSETTS
MAGISTRATE JUDGE _Bowler_

*05 11486 MLW*

LAWRENCE SHUTZER,
                 PLAINTIFF

V                                         Case No.

S. ROTHSCHILD & CO., INC. and
S. ROTHSCHILD MEN'S, INC. and
MARK FRIEDMAN,      DEFENDANTS

RECEIPT # 65589
AMOUNT $ 250
SUMMONS ISSUED Y
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. _tom_
DATE 7/14/05

## PLAINTIFF'S COMPLAINT

## PARTIES

1.  The Plaintiff, Lawrence Shutzer ("Shutzer"), is an individual residing in Swampscott, Essex County, Massachusetts.
2.  The Defendant, S. Rothschild & Co., Inc. ("SRC") is, upon information and belief a Pennsylvania corporation with a principal place of business located in New York, NY.
3.  The Defendant, Rothschild Men's, Inc. ("RMI") is, upon information and belief, a Delaware corporation with a principal place of business located in New York, NY.
4.  Upon information and belief, RMI is a wholly-owned subsidiary of SRC and is operated by the same individual principals.
5.  The Defendant, Mark Friedman ("Friedman") is, upon information and a belief, an individual residing in New Jersey and at all times material hereto was a director president of both SRC and RMI and a principal shareholder of SRC and RMI.

## SUBJECT MATTER JURISDICTION

6.  This action is between citizens of different states.
7.  The matter in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs.
8.  The United States District Court for the District of Massachusetts has original jurisdiction of this action pursuant to 28 U.S.C. s. 1332 (a).

## FACTS

1

9.  By the year 2000, Shutzer had over fifty years of experience in the men's clothing business and had the knowledge and expertise to run a business focused on designing, manufacturing and selling men's outerware. Throughout the 1990's Shutzer had worked for a family owned business, Mimco, Inc. ("Mimco"), which owned the registered trademarks, "William Barry" and "Boston Outfitters."

10. In or about December, 1999, Shutzer met with Friedman to discuss a possible relationship between Friedman's companies, SRC and RMI and Mimco and/or its employees. Mimco was experiencing severe cash flow problems which prevented it from filling orders orders it had received and potential orders in the pipeline. SRC was primarily in the business of selling boys, girls and women's outerware and only had a small men's division known as "Galleon." Friedman expressed an interest in expanding his men's clothing business and perceived Mimco's standing in the industry and Shutzer's experience and expertise as a means to effectuate such expansion.

11. There ensued extensive negotiations between the parties relative to an acquisition of Mimco by SRC or a merger of the companies into a new operating entity. These discussions did not result in a signed, written contract. The parties did, however, agree that SRC would purchase all patterns and samples and other assets, including but not limited to furniture, customer lists and the like owned by Mimco. SRC would also receive an assignment of all rights to Mimco's New York showroom at an extremely favorable, below-market rental. The parties also agreed that all of the Mimco employees, including Shutzer, would become employees of either SRC and/or RMC.

12. On or about February 15, 2000 Shutzer again met with Friedman to discuss where the business relationship was heading. The parties agreed, *inter alia,* that: (i) Shutzer would attempt to obtain as many orders from former Mimco customers and others as possible for SRC and/or RMC; (ii) the Friedman entities would hire all Mimco employees; (iii) Shutzer would be put on SRC's payroll and would receive a written employment contract and, in addition to a salary and expenses incurred in the course of his work, a sales "commission" based upon a share of the profits, as outlined below; (iv) SRC would take over Mimco's offices in New York and Massachusetts ( which would become either SRC and/or RMC offices) and pay all expenses , salaries and costs attendant to same; (v) that for a three year period the profits generated by the SRC/RMC men's division would be shared on a 50/50 basis between Shutzer and SRC/RMC after deduction for salaries paid to former Mimco employees (including Shutzer); (vi) Shutzer would be in charge of running the SRC/RMC men's business.

13. On or about March 6, 2000 SRC and Friedman incorporated RMC. In reliance upon the agreement between Shutzer and Friedman, Shutzer began working for SRC/RMC. Shutzer began work promoting the "new" business and was successful in writing many millions of dollars in orders from former Mimco customers and others.

14. Friedman and the corporate defendants controlled by him never, in fact, intended to honor the agreements which he had reached with Shutzer He had

2

misrepresented his intentions to Shutzer to induce Shutzer to work to transfer over to SRC/ RMC Mimco's accounts and book of business, to obtain control of Mimco's well-known and valuable trade names and marks and to obtain the New York showroom space at the below-market rental.

15.  Had Shutzer known of Friedman's true intentions, he would have never gone ahead with the actions he took which , in effect, transferred to SRC/RMC Mimco's entire business and the fruits of a lifetime of Shutzer's contacts and hard work.

16.  By March of 2000, the material terms of Shutzer's employment had been worked out between the parties.  Shutzer would be Chief Executive Officer of RMC which would, in turn, do business under the name "William Barry."  In such position Shutzer would be responsible for merchandising, selling, sourcing and production. Despite Shutzer's ongoing efforts which began upon the oral agreement reached between Shutzer and Friedman, the defendants willfully, wrongfully and without cause refused to honor their commitment and to enter into the agreed to written employment contract with Shutzer which had been worked out between the parties' respective legal counsel.

17.  Throughout the year 2000, Shutzer continued to honor his word to Friedman and Friedman's corporate entities. Shutzer continued to write substantial and valuable business. Shutzer caused Mimco to transfer its favorable New York lease to RMC. Shutzer duly promoted and marketed the RMC business. Shutzer never would have taken these actions but for the Defendant's inducements which turned out to be false when made and made with the intent that Shutzer rely thereon to his detriment.

18.  Despite Shutzer's adherence and performance, as aforesaid, the Defendants and each of them, repeatedly and consistently failed and refused to meet their obligations and breached their promises to Shutzer.

19.  Mimco has by a document in writing duly assigned to Shutzer any and all claims which Mimco, has, had or may have against the Defendants, and or any one or more of them.

20.  The Defendants, jointly and severally owe to Shutzer sums exceeding One Million Seven Hundred Fifty Thousand ($1,750,000.00) Dollars, including but not limited to the following: (i) balance of salary due Shutzer -- $393,500; (ii) payment of Shutzer's health insurance -- $26,671.51; (iii) balance of expenses due Shutzer -- $2374.19; (iv) payment for office equipment and furniture -- $30,000; (v)payment for samples received by RMC --$56,992.26: (vi)expenses for India sales office; -- $7879.00;  (vii) profit on New York lease -- $145,900.00; (viii)use of labels for the year 2000 -- $317,000.00; (ix)balance of commissions due on sales -- $775,000.00 (est.).

21.  The Defendants have failed and refused to share financial information for sales and orders with Shutzer, despite their clear promises to do so.

22.  At all time material hereto, Friedman was acting on behalf of the corporate Defendants and had the full authority to act on their behalf in his dealings with Shutzer and Mimco.

3

## COUNT I (BREACH OF CONTRACT)

23.    Shutzer repeats and incorporates herein his allegations in paragraphs 1-22.

24.    The Defendants, jointly and severally, have breached their contracts to Shutzer and have thereby caused Shutzer great damage and expense as above set forth.

## COUNT II ( BREACH OF IMPLIED COVENANT OF GOOD FAITH)

25.    Shutzer repeats and incorporates herein his allegations in paragraphs 1-24.

26.    The Defendants' actions, as aforesaid, constitute a breach of their implied covenant of good faith and fair dealing with Shutzer, thereby causing him great damage and expense, as set forth above.

## COUNT III (ESTOPPEL)

27.    Shutzer repeats and incorporates herein his allegations in paragraphs 1-26.

28.    The Defendants, and each of them, made promises, commitments and offers to Shutzer.

29.    Said promises commitments and offers were made fraudulently and with the intent that Shutzer rely thereon. Alternatively, the Defendants , and each of them, knew or should have known, that Shutzer would rely on their promises, commitments and offers and would induce Shutzer to take certain actions and/or forebear from taking other actions.

30.    Shutzer did reasonably rely upon the Defendants' promises, commitments and offers to his detriment and great cost and expense, as above set forth.  The damages Shutzer has sustained also include emotional distress.

31.    The Defendants' promises, commitments and offers must be enforced to avoid injustice, or in the alternative, Shutzer should be compensated for his damages and expenses.

## COUNT IV (FRAUD)

32.    Shutzer repeats and incorporates herein his allegations in paragraphs 1-31.

33.    The representations and promises made by the Defendants, and each of them, were material and knowingly false when made.

34.    Said knowingly false representations and promises were made with the intent that Shutzer rely thereon, and he did rely thereon to his great detriment and expense.

35.    As a direct and proximate result of the Defendants' fraudulaent representations, Shutzer has sustained great cost and damages, as aforesaid.

## COUNT V (G.L. 93A VIOLATIONS)

36.    Shutzer repeats and incorporates herein his allegations in paragraphs 1-35.

4

37.    The actions of the Defendants, jointly and severally, constitute violations of Mass. G.L. c. 93A, entitling Shutzer to single double or treble damages plus his attorneys' fees.

## COUNT VI ( UNJUST ENRICHMENT/ QUASI-CONTRACT)

38.    Shutzer repeats and incorporates herein his allegations in paragraphs 1-37.
39.    Shutzer has conferred a benefit upon the Defendants, and each of them, whereby the Defendants, and each of them have been unjustly enriched to the detriment of Shutzer.
40.    To the extent any of the agreements between the parties are not legally enforceable, equity requires that Shutzer recover restitution from the Defendants and each of them.

## COUNT VII (ACCOUNTING)

41.    Shutzer repeats and incorporates herein his allegations in paragraphs 1-40.
42.    Despite their representation that they would do so,  the Defendants have refused Shutzer or his representatives access to the financial records showing the sales and profits of orders obtained by Shutzer.
43.    Shutzer seeks an accounting of all sales, costs and profits attributable to sales by RCM and/or Galleon for the years 2000 to date.

## PRAYERS FOR RELIEF

## WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

A.  Judgment against the Defendants, jointly and severally in an amount to be determined by this court on Counts I, II, III,IV and VI, together with interest, costs and attorneys' fees.
B.  Judgment against the Defendants, jointly and severally, on Count V, in single, double or treble said amount, plus interest, costs and attorneys' fees.
C.  That the court order the Defendants to provide an accounting as per Count VII., and order that the defendants pay to Shutzer the commissions due him on past and future sales.
D.  For such other and further relief as this court shall deem necessary and proper.

5

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Lawrence Shutzer,
By his attorney,

Lawrence M. Slater, Esq.
BBO No. 466320
270 Union Street   Suite 202
Lynn, Ma 01901
781-592-0216
FAX 781-592-0217
E-Mail lawrenceslater@verizon.net

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) Lawrence Shutzer v.
    S. Rothschild & Co., Inc.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    [ ]   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    [X]   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    [ ]   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    [ ]   V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    NONE

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                              YES [ ]      NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                              YES [ ]      NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                              YES [ ]      NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                              YES [ ]      NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                              YES [X]      NO [ ]

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division [X]        Central Division [ ]        Western Division [ ]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

          Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)  N.A.

                                                              YES [ ]      NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Lawrence M. Slater
ADDRESS  270 Union Street, Suite 202, Lynn, MA   01901
TELEPHONE NO.  781-592-0216

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LAWRENCE SHUTZER

## DEFENDANTS
S. ROTHSCHILD & CO., INC.
S. ROTHSCHILD MEN"S, INC.
MARK FRIEDMAN

(b) County of Residence of First Listed Plaintiff　Essex, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant　_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)　Lawrenc. M.Slater
270 Union Street, Suite 202
Lynn, MA　01901 (781) 592-0216

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1　U.S. Government Plaintiff

☐ 3　Federal Question (U.S. Government Not a Party)

☐ 2　U.S. Government Defendant

☒ 4　Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity 28 USC 1332(a)
Brief description of cause:
Breach of Contract of Employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,750,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes　☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____　DOCKET NUMBER _____

DATE
July 2, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____　AMOUNT _____　APPLYING IFP _____　JUDGE _____　MAG. JUDGE _____