**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| LAWRENCE SHUTZER, | : Case No.: 1:05-CV-11486 |
| | : |
| Plaintiff, | : Hon. Mark L. Wolf, U.S.D.J. |
| | : |
| vs. | : |
| | : |
| S. ROTHSCHILD & CO., INC. and S. | : |
| ROTHSCHILD MEN'S, INC. and MARK | : |
| FRIEDMAN, | : |
| | : |
| Defendants. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**
**AND/OR TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**
**(Oral Argument Requested)**

In accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants S. Rothschild & Co., Inc. ("SRC"), S. Rothschild Men's, Inc. ("RMI"), and Mark Friedman ("Friedman") (collectively, "Defendants") move to dismiss the Complaint on the grounds that (i) Plaintiff's contract-related claims in Counts I and II of the Complaint are unenforceable under G.L.c. 259, § 1(5) of the Statute of Frauds, and (ii) Plaintiff's remaining tort claims in Counts III through VI of the Complaint are barred under the applicable statute of limitations. See G.L.c. 260, § 2A; G.L.c. 260, § 5A. As such, Plaintiff has failed to state a claim upon which this Court may grant relief, and the Complaint should be dismissed with prejudice. In any event, Defendants move to dismiss Plaintiff's claims against Friedman because there is no basis upon which to hold Friedman personally liable for the claims asserted against SRC and RMI. Accordingly, Plaintiff's claims against Friedman should be dismissed with prejudice.

In the alternative, if this Court is disinclined to dismiss the Complaint in all respects, Defendants move to transfer any remaining claims in the Complaint to the Southern District of New York in accordance with 28 U.S.C. § 1404(a). The locus of this dispute is in New York. All three defendants are based in New York. The material witnesses are in New York. The costs and burdens of litigating this case would be greatly exacerbated if this matter were to proceed in Massachusetts, rather than in New York. Accordingly, if the Complaint is not dismissed in its entirety, this Court should transfer any remaining action to the Southern District of New York.

In support of this motion, Rothschild submits a memorandum of law.

## REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7.1(d), Rothschild respectfully requests oral argument on this motion.

Dated: October 24, 2005

S. ROTHSCHILD & CO., INC., S. ROTHSCHILD MEN'S, INC., and MARK FRIEDMAN

By its attorneys,

/s/ Dennis E. McKenna
Dennis E. McKenna BBO # 556428
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

Of counsel:

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400

2

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Dennis E. McKenna, counsel of record for Rothschild, hereby certifies that on October 20, 2005, Mark C. Errico, Esq. of the law firm of Herrick, Feinstein LLP, co-counsel to Defendants in this matter, conferred by telephone with Lawrence M. Slater, Esq., counsel to Plaintiff, and attempted in good faith to resolve or narrow the issues presented in this motion, but the parties were unable to resolve the issues raised herein.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 24TH DAY OF OCTOBER 2005.


/s/ Dennis E. McKenna
Dennis E. McKenna BBO # 556428


## CERTIFICATE OF SERVICE

I, Dennis E. McKenna, Esquire, hereby certify that on this 24th day of October, 2005, I caused a true and accurate copy of the foregoing document to be served by first class mail, postage prepaid, upon: Lawrence M. Slater, Esquire, 270 Union Street, Suite 202, Lynn, Massachusetts 01901.

/s/ Dennis E. McKenna
Dennis E. McKenna

3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LAWRENCE SHUTZER,                          :   Case No.: 1:05-CV-11486
                                           :
                       Plaintiff,          :   Hon. Mark L. Wolf, U.S.D.J.
                                           :
        vs.                                :
                                           :
S. ROTHSCHILD & CO., INC. and S.           :
ROTHSCHILD MEN'S, INC. and MARK            :
FRIEDMAN,                                  :
                                           :
                       Defendants.         :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS AND/OR TRANSFER VENUE

---

RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
Attorneys for Defendants

Of counsel:

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400

## PRELIMINARY STATEMENT

By his complaint in this action (the "Complaint"), plaintiff Lawrence Shutzer ("Plaintiff" or "Shutzer") claims that he entered into an oral agreement with defendants S. Rothschild & Co., Inc. ("SRC") and/or S. Rothschild Men's, Inc. ("RMI") (collectively, "Rothschild") in February 2000. Plaintiff next alleges that Rothschild, as well as defendant Mark Friedman ("Friedman"), "willfully, wrongfully and without cause" breached their "commitments" to him in March 2000. Based on these allegations, Plaintiff has asserted a variety of contract-related and tort claims against SRC, RMI and Friedman (collectively, "Defendants"). All of these claims, however, are barred as a matter of law.

Plaintiff's contract-related claims are barred by the Statute of Frauds. The Statute of Frauds bars oral "contracts" that are incapable of being performed within one year from their creation -- yet this is precisely the sort of legally-barred claim that Plaintiff seeks to assert in this case. By his Complaint, Plaintiff asserts that the so-called "contract" between the parties contemplated a three-year term, yet the "contract" was never reduced to writing, despite the fact that the parties contemplated a writing. In light of settled law, such an oral "contract" is barred by the Statute of Frauds. Because there is no duty of good faith and fair dealing in the absence of a contract, Plaintiff's claim on that basis is also barred as a matter of law.

While Plaintiff's contract-related claims are barred by the Statute of Frauds, Plaintiff's various tort claims are barred by the Statute of Limitations. According to the allegations in the Complaint, Plaintiff's claims accrued in March 2000 at the latest -- yet Plaintiff did not commence this action until July 2005, more than five years later. As a result, Plaintiff's common law fraud, "estoppel" and unjust enrichment claims -- all of which are based on allegations of tortious and/or "fraudulent" conduct -- are barred by the three-year statute of

limitations that applies to such claims. Moreover, Plaintiff's claims pursuant to G.L.c. 93A, § 9 ("Chapter 93A") are barred by the four-year limitations period that applies to such claims.

Plaintiff's claims against Friedman are fatally flawed in any event. In his Complaint, Plaintiff concedes that Friedman was acting, if at all, on behalf of SRC and/or RMI. Accordingly, there is no basis to hold Friedman personally liable, and Plaintiff's claims against him should be dismissed for this reason, too.

In any event, even if the Court were disinclined to dismiss the Complaint in all respects, the Court should transfer this action to the Southern District of New York. The locus of this dispute is in New York. All three defendants are based in New York. The material witnesses are in New York. So, too, is the physical evidence. The costs and burdens of litigating this case would be greatly exacerbated if this matter were to proceed in Massachusetts, rather than in New York.

For these reasons, as more fully set forth herein, Defendants respectfully submit that the Court should dismiss the Complaint in all respects. If, however, the Court were disinclined to dismiss the Complaint in its entirety, the Court should transfer any remaining action to the Southern District of New York.

## STATEMENT OF FACTS

In his Complaint, Shutzer alleges that he worked for a family-owned business known as Mimco, Inc. ("Mimco") throughout the 1990's. (Complaint, ¶ 9). Mimco designed, manufactured, and sold men's outerware. (Id.) In or about 1999, Shutzer met with Friedman to discuss a possible relationship between Mimco and Rothschild. (Id., ¶ 10). According to the Complaint, Rothschild sold boys, girls and women's outerware, and it also operated a small men's division that it was seeking to expand. (Id.)

The parties proceeded to engage in negotiations relating to Rothschild's possible acquisition of Mimco or, alternatively, a merger of the companies into a new operating entity. (Complaint, ¶ 11). These negotiations, however, did not result in any written contract. (Id.) Nonetheless, the Complaint alleges that the parties orally agreed as follows on or about February 15, 2000: (i) Shutzer would attempt to obtain as many orders from former Mimco customers and others as possible for Rothschild; (ii) Rothschild would hire various Mimco employees; (iii) Shutzer would (a) receive a written employment contract; (b) be included on Rothschild's payroll; and (c) be paid a sales commission based upon a share of the profits "for a three year period," in addition to reimbursement of expenses and payment of salary; (iv) Rothschild would acquire Mimco's offices in New York and Massachusetts, and assume all costs related thereto; (v) "for a three year period," the profits generated by Rothschild's men's division would be shared equally between Shutzer and Rothschild after deducting salaries paid to former Mimco employees; and (vi) Shutzer would run Rothschild's men's business. (Id., ¶ 12). Thus, by the Complaint, Shutzer alleges that the parties orally agreed to a contract that contemplated performance for a "three year period" -- i.e., a term of three years. (Id.)

3

According to the Complaint, Shutzer thereupon began to work for Rothschild. (Complaint, ¶ 13). Thus, Shutzer alleges that he became an employee of Rothschild, albeit without any written contract. (Complaint, ¶¶ 11-16). Shutzer next alleges that Defendants "willfully, wrongfully and without cause" breached their "commitments" to him in and after March 2000. (Complaint, ¶ 16). Defendants also allegedly refused "to enter into the agreed to written employment contract" with Shutzer. (Id.)

According to the Complaint, then, Defendants "willfully, wrongfully and without cause" injured Shutzer more than five and one-half years ago. (Complaint, ¶ 16). Shutzer, however, waited until July 14, 2005 to file any claims against Defendants. (Id.) Moreover, although Shutzer seeks to hold Friedman personally liable, he admits that "[a]t all time material hereto, Friedman was acting on behalf of the corporate Defendants and had the full authority to act on their behalf in his dealings with Shutzer and Mimco." (Complaint, ¶ 22).

Not only has Shutzer alleged claims that are wholly without merit -- but he has done so in an inappropriate forum. All of the "meetings" referenced in the Complaint took place at SRC's offices in New York. (See Affidavit of Mark Friedman submitted herewith ("Friedman Aff."), ¶ 4). Mimco, Inc. ("Mimco"), an entity with which Mr. Shutzer was affiliated, also had an office in New York. (Id.) All ex-Mimco employees, save one, hired by SRC worked in SRC's offices in New York. Thus, except for Shutzer, all material witnesses with respect to this matter are located in New York. So, too, is the physical evidence. (Friedman Aff., ¶ 5).

Having been forced to defend against frivolous claims in an faraway forum, Defendants now respectfully move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Moreover, insofar as the Court might be disinclined to dismiss the Complaint in all respects,

4

Defendants respectfully move to transfer any remaining action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## LEGAL ARGUMENT

### POINT I

### THE APPLICABLE STANDARD UPON A MOTION TO DISMISS

Dismissal of a complaint is appropriate where a party "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss a complaint for failure to state a claim if it appears, beyond doubt, that the plaintiff can prove no set of facts in support of their claim which would entitle them to relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). "In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken." Hughes v. McMenamon, 389 F. Supp. 2d 75, 78 (D. Mass. 2005).

Towards that end, the "court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiffs." Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). "In that process, however, the court need not credit bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Redondo-Borges v. U.S. Dep't of Housing & Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005) (internal citations omitted).

Measured in light of this settled standard, the Complaint falls woefully short of the mark. Accordingly, the Court should dismiss the Complaint because it fails to state a cause of action upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).

**POINT II**

**THIS COURT SHOULD DISMISS PLAINTIFF'S CONTRACT-RELATED
CLAIMS AS BARRED BY THE STATUTE OF FRAUDS**

Shutzer has asserted various contract-related claims against Defendants, including breach of contract and breach of the implied covenant of good faith and fair dealing, based on an alleged "oral agreement" that contemplated a three-year term. These claims, however, are fatally flawed.

The Statute of Frauds renders unenforceable an oral agreement if it is incapable of being performed within one year of its making. See G.L.c. 259, § 1(5); Powers v. Boston Cooper Corp., 926 F.2d 109, 110 (1st Cir. 1991) (applying Massachusetts law and holding that Statute of Frauds rendered plaintiff's alleged contract unenforceable where plaintiff alleged breach of oral employment contract that could not be performed within one year). The Statute of Frauds provides that "[n]o action shall be brought: . . . [u]pon an [oral] agreement that is not to be performed within one year from the making thereof." G.L.c. 259, § 1(5). Thus, "a contract of employment for a definite period in excess of one year, or for one year to start more than one day after the making of the contract, is not enforceable under the statute, because it is not capable of being fully performed within one year from the making of the contract." Meng v. Trustees of Boston Univ., 44 Mass. App. Ct. 650, 652 (1998).

In his Complaint, Shutzer concedes that the parties' "discussions did not result in a signed, written contract." (Complaint, ¶ 11). Shutzer further alleges that parties orally agreed to a contract that contemplated a "three year period" -- i.e., a three-year term. (Complaint, ¶ 12). Specifically, the Complaint alleges as follows:

> Shutzer would be put on [Rothschild's] payroll and would receive a written employment contract and, in addition to a salary and expenses incurred in the course of his work, a sales 'commission' based upon a share of the profits, as outlined below . . **. that for a**

7

> **three year period the profits generated by [Rothschild's] men's
> division would be shared on a 50/50 basis between Shutzer and
> [Rothschild]** . . . . (Complaint, ¶ 12) (emphasis added).

According to the allegations of the Complaint, therefore, Shutzer's alleged oral contract for employment called for payments over a three-year term.  Because the alleged oral contract cannot literally be performed within the one-year statutory period, it is proscribed by the Statute of Frauds.  See In re Furst, 914 F. Supp. 734, 738 (D. Mass. 1996) ("the Statute of Frauds invalidates an oral joint venture agreement if it can be shown that the agreement 'is not to be performed within one year from the making thereof.'") (internal citations omitted); Cousin v. Sofono, Inc., No. Civ. A. 01-30186-MAP, 2003 WL 22391233 (D. Mass. Oct. 17, 2003) (finding that oral contract was subject to and unenforceable under Statute of Frauds because contract allowed plaintiff to purchase subject store from defendant at end of ten-year period); Montlouis v. Pirus Networks, Inc., No. 025364, 2005 WL 1009523 (Mass. Super. Mar. 15, 2005) (finding that oral promise of employment for a four-year period would be unenforceable because of Statute of Frauds); Danielle Int'l LTD v. Great Atlantic & Pacific Tea Co., Inc., No. 02849, 2004 WL 1588089 * 2 (Mass. Super. June 23, 2004) (holding oral contract unenforceable under Statute of Frauds where contract could not have been fully performed in one year because it required defendant to allot shelf space for plaintiff's goods for two years).

Where, as here, there is no valid contract, there also is no lawfully-implied covenant of good faith and fair dealing.  See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 230 (1st Cir. 2005) ("Having concluded that no contract exists, there can be no derivative implied covenant of good faith and fair dealing applicable to these parties.").  Under Massachusetts law, "the covenant of good faith and fair dealing is implied in every contract." UNO Rests., Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 385 (2004).  "The covenant may not, however, create rights and duties not otherwise provided

8

for in the existing contractual relationship, as the purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance." Id. "In other words, the implied covenant of good faith and fair dealing governs conduct of parties after they have entered into a contract; without a contract, there is no covenant to be breached." Mass. Eye & Ear Infirmary, 412 F.3d at 230 (holding that where no binding agreement existed, "there is no duty to negotiate in good faith"); see also Levenson v. L.M.I. Realty Corp., 31 Mass. App. Ct. 127, 131 (1991) (rejecting argument that where defendant stopped short of binding himself to a contract he nevertheless had a duty to negotiate the terms in good faith); cf. State Tax Auditing & Research v. Waters Corp., 11 Mass. L. Rptr. 560, 2000 WL 782948, * 3 (Mass. Super. Apr. 5, 2000) (holding that oral finder's agreements, as well as any "contracts implied in fact or in law," are barred by the applicable Statute of Frauds).

   In this case, Plaintiff's claims of an "oral agreement" are barred by the Statute of Frauds. As such, Plaintiff's remaining contractually-based claims, including the alleged "breach of the implied covenant of good faith and fair dealing," are barred as unsupported by any prerequisite "contract." Accordingly, the Court should dismiss Plaintiff's contractually-related claims with prejudice.[1]

---

[1]  Where, as here, a plaintiff claims to be an employee in the absence of any written contract, he is an "at-will" employee. An at-will employee is subject to dismissal without cause. See Cousin v. Sofono, Inc., 2003 WL 22391233, *8 (D. Mass. 2003) ("As an employee at-will, plaintiff's employment could be terminated by [the employer] at any time for any, or no, reason at all") (citing Jackson v. Action for Boston Cmty. Dev., Inc., 403 Mass. 8, 9 (1988)). Accordingly, Plaintiff's claims for any "breach" of the terms of his at-will "employment" are barred as a matter of law in any event.

**POINT III**

**THIS COURT SHOULD DISMISS PLAINTIFF'S REMAINING
CLAIMS BECAUSE THEY ARE TIME-BARRED**

In addition to asserting contract claims against Defendants that are barred by the

Statute of Frauds, Plaintiff has also asserted various tort claims against Defendants.   These

claims, however, are barred by the applicable statute of limitations.[2]

Under Massachusetts law, "actions of tort . . . shall be commenced only within

three (3) years after the cause of action accrues."   G.L.c. 260, § 2A.   Similarly, a fraud claim

must be filed within three years of its accrual.   See G.L.c. 260, § 2A; Kent v. Dupree, 13 Mass.

App. Ct. 44, 47 (1982).   Moreover, Massachusetts imposes a four-year statute of limitations for

Chapter 93A claims.   See G.L.c. 260, § 5A; International Mobiles Corp. v. Coroon &

Black/Fairchild & Ellis, Inc., 29 Mass. App. Ct. 215, 220- 21 (1990).

A cause of action based in tort accrues and triggers the statutory period when the

injury occurs.   See White v. Peabody Constr. Co., Inc., 386 Mass. 121, 129 (1985).   The statute

begins to run when the plaintiff, knowing that he had been harmed, discovered, or reasonably

should have discovered, the cause of the harm.   See Bowen v. Eli Lilly & Co., Inc., 408 Mass.

204, 205-06 (1990).   Even if the plaintiff lacks actual knowledge, the statute will run when an

ordinary reasonable person in the plaintiff's circumstances would have known of the cause of

action through the exercise of reasonable diligence. See Riley v. Presnell, 409 Mass. 239, 565

(1991); Gore v. Daniel O'Connell's Sons, Inc., 17 Mass. App. Ct. 645, 647 (1984).

In the case at bar, Plaintiff's tort claims accrued, at the latest, in March 2000.

(Complaint, ¶¶ 12-17).   In fact, the Complaint alleges that Defendants committed all of their

---

[2]   "As jurisdiction is based on diversity of citizenship, the applicable statutes of limitations are those of
Massachusetts." Micromuse, Inc. v. Micromuse, Plc., 304 F. Supp. 2d 202, 209 (D. Mass. 2004) (quoting Fidler v.
Eastman Kodak Co., 714 F.2d 192, 196 (1st Cir. 1983)).

10

tortious and otherwise unlawful conduct in and shortly after March 2000.  (Id.)  Nonetheless,

Shutzer waited until July 14, 2005 -- i.e., more than five years -- to file the Complaint.

Accordingly, these claims are barred by the statute of limitations.

Although styled as a claim for "estoppel," Count III is premised on the allegation

that "various promises, commitments and offers were made fraudulently and with the intent that

Shutzer rely thereon."  (Complaint, ¶ 29).  Thus, because it is based on allegations of fraud,

Count III is barred by the applicable three-year statute of limitations.  See G.L.c. 260, § 2A; cf.

Kirley v. Kirley, 25 Mass. App. Ct. 651, 654, rev. denied, 402 Mass. 1104 (1988) (corporate

"freeze-out" of minority shareholder held governed by three-year statute of limitations applicable

to tort, rather than six-year statute of limitations applicable to breach of contract claims).  In any

event, Count III is redundant with the common law and statutory fraud claims set forth in Counts

IV and V, and should be dismissed for that reason, too.

Count IV, like Count III, is premised on allegations of fraud.  As a result, this

claim, too, is barred by the three-year statute of limitations.  See G.L.c. 260, § 2A; Kent, 13

Mass. App. Ct. at 47.

Count V seeks to assert claims under Chapter 93A.  However, the Complaint was

filed more than five years after Plaintiff's alleged Chapter 93A claims accrued, thus rendering

those claims time-barred under the applicable four-year statute of limitations.  See G.L.c. 260, §

5A; Cambridge Plating C. v. Napco, Inc., 85 F.3d 752, 761 (1st Cir. 1996).

Count VI, although styled as a claim for "unjust enrichment/quasi-contract," is a

thinly-disguised tort claim, because its assertions are based on Defendants' alleged "willful" and

"wrongful" misconduct in and after March 2000.  See Desmond v. Muffle, 375 F.2d 742, 743

(1st Cir. 1967) (the statute of limitations applicable to unjust enrichment depends upon the

"essential nature of plaintiff's claim"). Where, as here, a claim for unjust enrichment is based on allegations of misconduct rather than upon any legally enforceable contract, such a claim is subject to the three-year statute of limitations that applies to torts. See Epstein v. C.R. Bard, Inc., No. Civ. 03-12297-RWZ, 2004 WL 1598912, * 3 (D. Mass. July 19, 2004) (dismissing claim for unjust enrichment under three-year tort statute of limitations where the essential nature of the claim sounded in tort). Accordingly, Count VI is barred by the applicable three-year statute of limitations. See G.L.c. 260, § 2A.

For these reasons, the Court should dismiss Plaintiff's remaining claims against Defendants with prejudice as barred by the applicable statute of limitations.

## POINT IV

### THE COURT SHOULD, IN ALL EVENTS, DISMISS PLAINTIFF'S CLAIMS AGAINST FRIEDMAN PERSONALLY

It is settled law that a corporate officer has no liability at common law for the corporation's obligations. See Union Mut. Life Ins. Co. v. Chrysler Corp., 793 F.2d 1, 11 (1st Cir. 1986); Doyle v. Hasbro Inc., 884 F.Supp. 35, 39 (D. Mass. 1995); Williams v. Vanaria, No. 96-CV-0261, 9658, 2000 WL 795659 * 2 (Mass. App. Div. June 13, 2000). "A contract made by the authorized agent of a corporation is the corporation's contract." Williams, 2000 WL 795659 at * 2 (internal citations omitted). "A corporation . . . can only act through its agents, and negotiations by a corporate officer regarding a corporate obligation do not render the officer personally liable." Id.

The Complaint does not allege -- because it cannot allege -- that Friedman was unauthorized to act or otherwise negotiate on behalf of Rothschild, nor does it allege that his role as the president of Rothschild was undisclosed to Shutzer during their meetings. To the contrary, the Complaint concedes that "[a]t all times material hereto, Friedman was acting on behalf of the

12

corporate Defendants and had the full authority to act on their behalf in his dealings with Shutzer

and Mimco." (Complaint, ¶ 22).

Plaintiff has not alleged any basis upon which to hold Friedman personally liable

for the claims asserted against Rothschild. To the contrary, the Complaint alleges that Friedman

at all times was acting on behalf of a corporate entity, and this corporate role was admittedly

disclosed to Plaintiff. Accordingly, the Court should dismiss Plaintiff's claims against Friedman

with prejudice for these reasons, too. See Union Mut. Life Ins., 793 F.2d at 11.

POINT V

## IN THE EVENT THAT THE COURT WERE DISINCLINED TO DISMISS THE COMPLAINT IN ALL RESPECTS, THE COURT SHOULD TRANSFER ANY REMAINING ACTION TO THE SOUTHERN DISTRICT OF NEW YORK

For the reasons set forth above, Defendants respectfully submit that the Court

should dismiss the Complaint. If, however, the Court were disinclined to dismiss the Complaint

in all respects, the Court should transfer any remaining action to the Southern District of New

York pursuant to 28 U.S.C. § 1404(a).

28 U.S.C. § 1404(a) provides in relevant part as follows:

> For the convenience of parties and witnesses, in the interest of
> justice, a district court may transfer any civil action to any other
> district or division where it might have been brought.

28 U.S.C. § 1404(a) ("Section 1404").

The first inquiry under Section 1404 is whether the case could have been brought

in the district where the defendant seeks to transfer the matter. See Trans Nat'l Travel, Inc. v.

Sun Pacific Int'l, Inc., 10 F. Supp. 2d 79, 81 (D. Mass. 1998). To make such a determination,

this Court must apply the venue statute, 28 U.S.C. § 1391 ("Section 1391"). Under Section

1391, venue is proper in a diversity case in the "judicial district where any defendant resides, if

all defendants reside in the same state." 28 U.S.C. § 1391(a)(1). Here, it is undisputed that

13

Rothschild is a resident of New York. (Friedman Aff., ¶ 4). Accordingly, venue would be proper in the Southern District of New York.

The Court must next consider "the convenience of parties and witnesses" and "the interest of justice." <u>Coady v. Ashcraft & Gerel</u>, 223 F.3d 1, 11 (1st Cir. 2000). Although there generally is a presumption in favor of a plaintiff's choice of forum, "[w]here [as here] the operative facts of the case have no material connection with this district, plaintiff's choice of forum carries less weight." <u>Brant Point Corp. v. Poetzsch</u>, 671 F. Supp. 2, 5 (D. Mass. 1987). Thus, in such circumstances, the convenience of the witnesses "is probably the most important factor" in weighing a motion to transfer venue. <u>See</u> <u>Princess House, Inc. v. Lindsey</u>, 136 F.R.D. 16, 18 (D. Mass. 1991). <u>See also</u> <u>Home Prods. Int'l-N. Am., Inc. v. PeopleSoft USA, Inc.</u>, 201 F.R.D. 42, 48 (D. Mass. 2001).

The locus of the instant dispute is in New York. All of the events at issue in this lawsuit took place in New York. All of the meetings occurred in Rothschild's offices in New York. All three defendants are based in New York. Moreover, aside from Shutzer, all of the potential witnesses are in New York. These witnesses include Friedman, as well as the various former Mimco employees who were hired by Rothschild to work in its New York office. Thus, in the event that non-party witnesses who reside in New York are needed, they will not be subject to compulsory process in Massachusetts, thereby further complicating the parties' efforts to expeditiously litigate this matter in a non-New York forum.

The costs of litigating this case, as well as the burden of compelling the testimony of witnesses located in New York, would be greatly exacerbated if this matter were to proceed in Massachusetts, rather than in New York. A New York forum would be far more convenient for the parties, the witnesses and the judicial system. <u>See</u> <u>Brant Point</u>, 671 F. Supp. at 4 (granting

motion to transfer because "a North Carolina forum [was] more convenient to all of the expected witnesses in this case, except plaintiff's principal"); see also Atari v. United Parcel Service, Inc., 211 F. Supp. 2d 360, 365-66 (D. Mass. 2002) (granting motion to transfer to New Jersey where the witnesses were located in New Jersey and the operative facts had a more substantial connection to New Jersey).

For these reasons, in the event that the Court may be disinclined to dismiss the Complaint in all respects, Defendants respectfully submit that the Court should transfer any remaining action to the Southern District of New York.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in all respects. If, however, the Court were disinclined to dismiss the Complaint in its entirety, the Court should transfer any remaining action to the Southern District of New York.

Dated: October 24, 2005

S. ROTHSCHILD & CO., INC., S. ROTHSCHILD MEN'S, INC., and MARK FRIEDMAN

By its attorneys,

/s/ Dennis E. McKenna
Dennis E. McKenna BBO # 556428
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

Of counsel:

Paul H. Schafhauser
Mark C. Errico
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400

## CERTIFICATE OF SERVICE

I, Dennis E. McKenna, Esquire, hereby certify that on this 24th day of October, 2005, I caused a true and accurate copy of the foregoing document to be served by first class mail, postage prepaid, upon: Lawrence M. Slater, Esquire, 270 Union Street, Suite 202, Lynn, Massachusetts 01901.

/s/ Dennis E. McKenna
Dennis E. McKenna

HF 3117833v.2 #04916/0046

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 3

LEGAL ARGUMENT ................................................................................................... 6

      POINT I

      THE APPLICABLE STANDARD UPON A MOTION TO DISMISS ............................ 6

      POINT II

      THIS COURT SHOULD DISMISS PLAINTIFF'S CONTRACT-RELATED
      CLAIMS AS BARRED BY THE STATUTE OF FRAUDS .............................................. 7

      POINT III

      THIS COURT SHOULD DISMISS PLAINTIFF'S REMAINING CLAIMS
      BECAUSE THEY ARE TIME-BARRED ...................................................................... 10

      POINT IV

      THE COURT SHOULD, IN ALL EVENTS, DISMISS PLAINTIFF'S CLAIMS
      AGAINST FRIEDMAN PERSONALLY ....................................................................... 12

      POINT V

      IN THE EVENT THAT THE COURT WERE DISINCLINED TO DISMISS THE
      COMPLAINT IN ALL RESPECTS, THE COURT SHOULD TRANSFER ANY
      REMAINING ACTION TO THE SOUTHERN DISTRICT OF NEW YORK ............... 13

CONCLUSION ............................................................................................................. 16

# <u>TABLE OF AUTHORITIES</u>

**<u>Federal Cases</u>:**                                                                                          **Page**

<u>Atari v. United Parcel Service, Inc.,</u>
211 F. Supp. 2d 360 (D. Mass. 2002) ........................................................................... 15

<u>Brant Point Corp. v. Poetzsch,</u>
671 F. Supp. 2 (D. Mass. 1987) ............................................................................... 14, 15

<u>Cambridge Plating C. v. Napco, Inc.,</u>
85 F.3d 752 (1st Cir. 1996) .......................................................................................... 11

<u>Coady v. Ashcraft & Gerel,</u>
223 F.3d 1 (1st Cir. 2000) ............................................................................................ 14

<u>Conley v. Gibson,</u>
355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957) .............................................................. 6

<u>Cousin v. Sofono, Inc.,</u>
No. Civ. A. 01-30186-MAP, 2003 WL 22391233 (D. Mass. Oct. 17, 2003) ................ 8, 9

<u>Desmond v. Muffle,</u>
375 F.2d 742 (1st Cir. 1967) ........................................................................................ 11

<u>Doyle v. Hasbro Inc.,</u>
884 F.Supp. 35 (D. Mass. 1995) ................................................................................... 12

<u>Fidler v. Eastman Kodak Co.,</u>
714 F.2d 192 (1st Cir. 1983) ........................................................................................ 10

<u>In re Furst,</u>
914 F. Supp. 734 (D. Mass. 1996) .................................................................................. 8

<u>Home Products International-N. America, Inc. v. PeopleSoft USA, Inc.,</u>
201 F.R.D. 42 (D. Mass. 2001) ..................................................................................... 14

<u>Hughes v. McMenamon,</u>
389 F. Supp. 2d 75 (D. Mass. 2005) ............................................................................... 6

<u>Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.,</u>
412 F.3d 215 (1st Cir. 2005) ....................................................................................... 8, 9

<u>Micromuse, Inc. v. Micromuse, Plc.,</u>
304 F. Supp. 2d 202 (D. Mass. 2004) ........................................................................... 10

**TABLE OF AUTHORITIES**
(continued)

**Federal Cases:**                                                                    Page

Trans Nat'l Travel, Inc. v. Sun Pacific Int'l, Inc.,
    10 F. Supp. 2d 79 (D. Mass. 1998).................................................................13

Powers v. Boston Cooper Corp.,
    926 F.2d 109 (1st Cir. 1991).........................................................................7

Princess House, Inc. v. Lindsey,
    136 F.R.D. 16 (D. Mass. 1991)......................................................................14

Redondo-Borges v. U.S. Department of Housing & Urban Development,
    421 F.3d 1 (1st Cir. 2005)............................................................................6

Rivera v. Rhode Island,
    402 F.3d 27 (1st Cir. 2005)...........................................................................6

Union Mutual Life Insurance Co. v. Chrysler Corp.,
    793 F.2d 1 (1st Cir. 1986)........................................................................12, 13

**Massachusetts Cases:**

Bowen v. Eli Lilly & Co., Inc.,
    408 Mass. 204 (1990) ..................................................................................10

Danielle International LTD v. Great Atlantic & Pacific Tea Co., Inc.,
    No. 02849, 2004 WL 1588089 (Mass. Super. June 23, 2004) ...........................8

Epstein v. C.R. Bard, Inc.,
    No. Civ. 03-12297-RWZ, 2004 WL 1598912 (D. Mass. July 19, 2004) ...........12

Gore v. Daniel O'Connell's Sons, Inc.,
    17 Mass. App. Ct. 645 (1984)........................................................................10

International Mobiles Corp. v. Coroon & Black/Fairchild & Ellis, Inc.,
    29 Mass. App. Ct. 215 (1990).........................................................................10

Jackson v. Action for Boston Cmty. Dev., Inc.,
    403 Mass. 8 (1988) .......................................................................................9

Kent v. Dupree,
    13 Mass. App. Ct. 44 (1982)......................................................................10, 11

iii

## TABLE OF AUTHORITIES
### (continued)

**Massachusetts Cases:**                                                    **Page**

Kirley v. Kirley,
 25 Mass. App. Ct. 651 (1988)..........................................................................11

Levenson v. L.M.I. Realty Corp.,
 31 Mass. App. Ct. 127 (1991)..........................................................................9

Meng v. Trustees of Boston University,
 44 Mass. App. Ct. 650 (1998)..........................................................................7

Montlouis v. Pirus Networks, Inc.,
 No. 025364, 2005 WL 1009523 (Mass. Super. Mar. 15, 2005) .........................................8

Riley v. Presnell,
 409 Mass. 239 (1991) ..................................................................................10

State Tax Auditing & Research v. Waters Corp.,
 11 Mass. L. Rptr. 560, 2000 WL 782948 (Mass. Super. Apr. 5, 2000) .............................9

UNO Restaurants, Inc. v. Boston Kenmore Realty Corp.,
 441 Mass. 376 (2004) ..................................................................................8

White v. Peabody Construction Co., Inc.,
 386 Mass. 121 (1985) ..................................................................................10

Williams v. Vanaria,
 No. 96-CV-0261, 9658, 2000 WL 795659 (Mass. App. Div. June 13, 2000)..................12

**Federal Statutes:**

28 U.S.C. § 1391............................................................................................13

28 U.S.C. § 1404........................................................................................5, 13

**Massachusetts Statutes:**

G.L.c. 93A, § 9 .......................................................................................10, 11

G.L.c. 259, § 1(5)..........................................................................................7

G.L.c. 260, § 2A ......................................................................................10, 11, 12

G.L.c. 260, § 5A ......................................................................................10, 11

## TABLE OF AUTHORITIES
### (continued)

**Federal Rules:**                                                                   **Page**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................6

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LAWRENCE SHUTZER,                     :  Case No.: 1:05-CV-11486
                                      :
                     Plaintiff,       :  Hon. Mark L. Wolf, U.S.D.J.
                                      :
vs.                                   :
                                      :
S. ROTHSCHILD & CO., INC. and S.      :        AFFIDAVIT OF
ROTHSCHILD MEN'S, INC. and MARK       :        MARK FRIEDMAN
FRIEDMAN,                             :
                                      :
                     Defendants.      :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

```
STATE OF NEW YORK      )
                       )  ss.:
COUNTY OF NEW YORK     )
```

MARK FRIEDMAN, being duly sworn, deposes and says:

1.    I am the President of S. Rothschild & Co., Inc. ("SRC").  S. Rothschild Men's, Inc. ("RMI") was an affiliate of Rothschild.  SRC, RMI and I are the defendants in connection with the above-captioned matter.

2.    I respectfully submit this affidavit in support of defendants' motion to dismiss the complaint (the "Complaint") filed by plaintiff Lawrence Shutzer pursuant to Fed. R. Civ. P. 12(b)(6) and/or to transfer venue pursuant to 28 U.S.C. § 1404(a).  Unless otherwise indicated, I have personal knowledge of the facts and circumstances set forth herein.

3.    For the reasons set forth in the accompanying Memorandum of Law, defendants respectfully submit that the Complaint should be dismissed.  If, however, the Court were disinclined to dismiss the Complaint in all respects, defendants respectfully submit that the

Court should transfer venue of any remaining action to the United States District Court for the Southern District of New York in light of the facts set forth herein.

4.    The Complaint alleges that I participated in various "meetings" with Mr. Shutzer to discuss potential business opportunities on behalf of SRC and/or RMI. All of those meetings, however, took place at SRC's offices in New York, where SRC's business is headquartered. Mimco, Inc. ("Mimco"), an entity with which Mr. Shutzer was affiliated, also had an office in New York. For these reasons, all negotiations between the parties occurred in New York.

5.    The Complaint further alleges that SRC hired certain employees of Mimco. All but one of those employees, however, were hired to work in SRC's offices in New York. These persons, in fact, were based in New York, as am I. Thus, except perhaps for Mr. Shutzer, all material witnesses with respect to this matter are located in New York. So, too, is the pertinent physical evidence.

6.    The locus of this dispute is in New York. All three defendants are based in New York. As a result, the costs and burdens of litigating this case would be greatly exacerbated if this matter were to proceed in Massachusetts, rather than in New York.

_____
MARK FRIEDMAN

Sworn to before me this
21st day of October 2005

_____
Notary Public

NATALIA CAVALIERE
NOTARY PUBLIC, STATE OF NEW YORK
No. 02CA6100399
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES OCT. 20, 2007

CERTIFICATE OF SERVICE

I, Dennis E. McKenna, hereby certify that on this 24th day of October, 2005, I caused a true and accurate copy of the foregoing document to be served by first class mail, postage prepaid, upon the following: Lawrence M. Slater, Esquire, 270 Union Street, Suite 202, Lynn, Massachusetts 01901.

/s/ Dennis E. McKenna
Dennis E. McKenna

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LAWRENCE SHUTZER,                     : Case No.: 1:05-CV-11486
                                      :
                    Plaintiff,        : Hon. Mark L. Wolf, U.S.D.J.
                                      :
vs.                                   :
                                      :
S. ROTHSCHILD & CO., INC. and S.      :
ROTHSCHILD MEN'S, INC. and MARK       :
FRIEDMAN,                             :
                                      :
                    Defendants.       :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CORPORATE DISCLOSURE STATEMENT**
**PURSUANT TO FED. R. CIV. P. 7.1 AND LR. 7.3**

Defendant S. Rothschild & Co., Inc. ("Rothschild") certifies that it is a nongovernmental corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in New York, New York. Rothschild submits the following statement of its corporate interests and affiliations pursuant to Fed. R. Civ. P. 7.1 and LR. 7.3, for the use of the judges of this Court:

1.    Rothschild is not a publicly held corporation or other publicly held entity.

2.    Rothschild does not have any parent corporation.

3.    No publicly held corporation owns 10 percent or more of Rothschild's stock.

4.    Defendant S. Rothschild Men's, Inc. was a wholly owned subsidiary of Rothschild and is now dissolved.

S. ROTHSCHILD & CO., INC., S. ROTHSCHILD MEN'S, INC., and MARK FRIEDMAN

By its attorneys,


/s/ Dennis E. McKenna, BBO #556428
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

Of counsel:

Paul H. Schafhauser
Mark C. Errico
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400


## CERTIFICATE OF SERVICE

I, Dennis E. McKenna, Esquire, hereby certify that on this 24th day of October, 2005, I caused a true and accurate copy of the foregoing document to be served by first class mail, postage prepaid, upon: Lawrence M. Slater, Esquire, 270 Union Street, Suite 202, Lynn, Massachusetts 01901.

/s/ Dennis E. McKenna
Dennis E. McKenna