UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE SHUTZER, | ) | C.A. NO. |
| PLAINTIFF | ) | 05-11486-MLW |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| S. ROTHSCHILD & CO, INC. S. | ) | |
| ROTHSCHILD MEN'S, INC. AND | ) | |
| MARK FRIEDMAN | ) | |
| DEFENDANTS | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**
**ON THE FORUM NON-CONVENIENS ISSUE**

Preliminary Statement

      This Memorandum and the accompanying Supplemental Affidavit of Lawrence Shutzer are respectfully submitted pursuant to the Court's Order, dated June 28, 2006, requesting that the parties address the issues regarding convenience of witnesses, as discussed in Brant Point Corporation v. Poetzch, 671 F. Supp 2 ( D. Mass 1987). The Plaintiff forcefully argues that the Defendants have not met their burden to disturb the Plaintiff's choice of forum, and that the convenience of witnesses to the case, particularly substantive witnesses whose "live' testimony is more necessary to the trial, mandates that the case remain in this Court in Boston, Massachusetts.

FACTS

      The facts supporting the arguments set forth in this Memorandum are contained in the Affidavit of Lawrence Shutzer and the Supplemental Affidavit of Lawrence Shutzer, both of which Affidavits are incorporated herein by reference.

ARGUMENT

    A.    **THE LEGAL STANDARD**

The convenience of witnesses is "[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C.A. 1404 (a)." 15 Wright, Miller and Cooper, Federal Practice and Procedure 2d, § 3851 at 415 (1986); cited in Brant Point at 3.

"In analyzing the convenience of witnesses the Court must consider not only the number of potential witnesses located in the transferor and transferee districts, but also the nature and quality of their testimony and whether they can be compelled to testify." Rattner v. Hecht, 621 F. Supp. 378, 382 (N.D. Ill. 1985) (emphasis supplied).

In addition to "inconvenience" the Court shall also take into account the expense to be incurred by witnesses whose testimony is relevant and who are not employees of the parties. Commercial Solvent Corp. v. Liberty Mutual Insurance Company, 371 F. Supp. 247 (DCNY 1974).

The health of a principal may be considered. L.B. Sales Corp. v. Dial Manufacturing, Inc. 593 F. Supp. 290 (D. Wisc. 1984). The live testimony of a substantive trial witness is a major factor in the analysis to transfer as opposed to the inconvenience to the testimony of minor witnesses whose testimony may be introduced by deposition. Hotel Constructors, Inc. v. Seagrave Corp. 543 F. Supp. 1048 (D. Ill. 1982).

The party seeking the transfer has a "substantial burden." Talarico v. Marathon Shoe Corp, 2001 WL 366346 (D. ME. 2001). Indeed, some federal courts have held that the mere inconvenience of a defendant's witnesses does not, in and of itself, meet the

2

defendant's substantial burden of demonstrating the need to transfer a case and upsetting the plaintiff's choice of forum. See, Demont & Associates v. Berry 77 F. Supp 2d 171 (D. ME. 1999).

The burden of proof is on the defendant who needs to bring forth proof of actual, substantial inconvenience related to the attendance of witnesses. Florida Marine Transporters, Inc. v. Lawson Towing, Inc., 2001 WL 1018364 (D. LA. 2001).

The convenience of transportation, such as the frequency of flights is a factor to be considered. Albert Fadem Trust v. Duke Energy Corp. 2002 WL 1759087 (DCNY 2002).

The difficulty of witnesses to operate their business, if called upon to travel, is a factor in determining "inconvenience." Returns Distributions, Inc. v. Playtex Products, Inc. 2003 WL 21244142 (D. Tenn 2003).

### B.   THE INCONVENIENCE TO THE PLAINTIFF AND HIS WITNESSES IN TRANSFERRING THIS CASE TO NEW YORK CITY FAR OUTWEIGHS THE RELATIVELY MINOR INCONVENIENCE TO DEFENDANTS AND THEIR WITNESSES IF THE CASE STAYS IN BOSTON.

Obviously, if the case remains in Boston, there will be some inconvenience to the Defendants and their New York witnesses. Likewise, if the case is transferred to the Federal Court in New York City, there will be inconvenience to the Plaintiff and his Massachusetts witnesses. The Court is therefore, faced with weighing the inconvenience to one side as opposed to the other; however, taking into account that the burden is on the Defendants to overturn the Plaintiff's choice of forum.

The Plaintiff strongly argues that the Defendants cannot meet their burden. The various factors which go to tilt the scale to one side or the other can only support a conclusion that the inconvenience to the Plaintiff and his witnesses far outweighs the inconvenience to the Defendants and their witnesses. Let us examine the factors:

1. The qualitative (i.e. substantive witnesses) are four in number--two in the Boston area and two in the New York area. Since the numbers are equal the "tie" goes to the Plaintiff who does not have the burden of proof. Ergo, a tilt to the Plaintiff.

2. The Defendants are far richer than the Plaintiff and can better afford the expenses of traveling and staying in Boston. The Defendants can better afford to pay their attorney, Mr. Swick for his time and expenses in coming to Boston to testify. In contrast the Plaintiff's difficulty in paying for such travel expenses and costs seems to Plaintiff more than a mere "inconvenience." A transfer may well prevent the Plaintiff from seeking vindication of his important legal rights and the ability to look to the federal court for redress of same. Tilt to the Plaintiff.

3. The Defendant, Mark Freedman is younger than the Plaintiff, Lawrence Shutzer. The Defendants' attorney, Daniel Swick, is younger than the Plaintiff's attorney, Paul Levenson. Tilt to the Plaintiff.

4. The Plaintiff runs a business where he *is* the business. Mark Freedman operates a business with multiple employees who can "cover" for him. Likewise, Mr. Levenson is a sole practitioner. Mr. Swick is a partner in a firm with other attorneys who can handle his affairs. Big tilt to the Plaintiff.

5. There are two minor, non-party witnesses in Massachusetts, two in Pennsylvania (who travel to New York City) and possibly two in New York City (the

elder Mr. Friedman and the Defendants' CFO). All of the non-party witnesses' testimony is, at best, of a background nature and/or or tangential to the issues raised in the Complaint. If necessary, their depositions can be taken and presented at trial. Neutral tilt, but again the burden is on the Defendant, so a tilt to the Plaintiff.

6. Travel between New York and Boston is easy and frequent. Neutral Tilt.

7. Mr. Levenson cannot be compelled to go to New York City to testify. As much of the negotiations (and discussions, both as to the contracts and at the time the transaction fell apart) occurred between Mr. Levenson and Mark Swick of Herrick, Fienstein, LLP, the two lawyers are substantive, key witnesses. Mr. Swick's lawfirm has already entered its appearance in this case. In a certain sense, therefore, Mr. Swick, is already "here" in Boston, and as such may be compelled to testify at trial. Even If he cannot be so compelled, his client can well afford to pay for his time and expenses. Again, a big tilt to the Plaintiff.

Accordingly, the scale of "inconvenience" tilts overwhelmingly to the Plaintiff, who, after all, chose this forum. QED.

CONCLUSION

For the foregoing reasons the Defendant's Motion to Transfer this case to the federal court in New York City should be denied.

5

Respectfully submitted,

Lawrence Shutzer,
By his attorney,


s/ Lawrence M. Slater_____
Lawrence M. Slater, Esq.
BBO No. 466320
270 Union Street
Lynn, MA  01901
(tel)781-592-0216
(fax) 781-592-0217
e-mail lawrenceslater@verizon.net

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE SHUTZER, | ) | C.A. NO. |
| PLAINTIFF | ) | 05-11486-MLW |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| S. ROTHSCHILD & CO, INC. S. | ) | |
| ROTHSCHILD MEN'S, INC. AND | ) | |
| MARK FRIEDMAN | ) | |
| DEFENDANTS | ) | |

## AFFIDAVIT OF SERVICE

The undersigned hereby certifies that copies of the Supplemental Affidavit of Lawrence Shutzer and Plaintiff's Supplemental Memorandum on the Forum Non-Conveniens Issue have this day been served on all counsel of record by facsimile and first class mail.

Subscribed under the penalties of perjury this 28th day of July, 2006

s/ Lawrence M. Slater, Esq.
Lawrence M. Slater, Esq.
BBO No. 466320
270 Union Street
Lynn, MA  01901
(tel)781-592-0216
(fax) 781-592-0217
e-mail lawrenceslater@verizon.net

TABLE OF AUTHORITIES

|  | PAGE |
|---|---|
| <u>STATUTES</u> | |
| 28 U.S.C.A. 1404(a) | 2 |
| | |
| <u>CASES</u> | |
| <u>Albert Fadem Trust</u> v. <u>Duke Energy Corp</u>,<br>2001 WL 1759087 (DCNY 2002) | 3 |
| <u>Brant Point Corporation</u> v. <u>Poetzch</u>, 671 F. Supp.2<br>(D Mass. 1987) | 1,2 |
| <u>Commercial Solvent Corp</u>. v. <u>Liberty Mutual Ins. Co</u>.,<br>371 F. Supp. 247 (DCNY 1974) | 2 |
| <u>Demont & Associates</u> v. <u>Berry</u>,<br>77 F. Supp. 2d 171 (D. ME. 1991) | 3 |
| <u>Florida Marine Transporters, Inc</u>. v. <u>Lawson Towing, Inc.</u><br>2001 WL 1018364 (D. LA. 2001) | 3 |
| <u>Hotel Constructors, Inc</u>. v. <u>Seagrave Corp</u>.<br>543 F. Supp. 1048 (D. Ill. 1982) | 2 |
| <u>Returns Distributions, Inc.</u> v. <u>Playtex Products, Inc.</u><br>2003 WL 2124412 (D. Tenn. 2003) | 3 |
| <u>PUBLICATIONS</u> | |
| WRIGHT MILLER AND COOPER, <u>FEDERAL PRACTICE<br>AND PROCEDURE,</u> 2d §3851 at 415 | 2 |