UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | |
|---|---|
| LAWRENCE SHUTZER, | : Case No.: 1:05-CV-11486 |
| | : |
| Plaintiff, | : Hon. Mark L. Wolf, U.S.D.J. |
| | : |
| vs. | : |
| | : |
| S. ROTHSCHILD & CO., INC. and S. ROTHSCHILD MEN'S, INC. and MARK FRIEDMAN, | : |
| | : |
| Defendants. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR TRANSFER VENUE**

RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
Attorneys for Defendants

Of counsel:

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400

In accordance with the Court's Order dated June 28, 2006 (the "Order"), defendants S. Rothschild & Co., Inc. ("SRC"), S. Rothschild Men's, Inc., and Mark Friedman (collectively, "Defendants") respectfully submit this Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss and/or Transfer Venue and the accompanying Supplemental Affidavit of Mark Friedman ("Friedman Supp. Aff."). For the reasons set forth herein and in Defendants' previously-submitted papers, Defendants respectfully submit that the Court should grant their pending motion in all respects.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF CONCEDES THAT HIS TORT/FRAUD CLAIMS ARE TIME-BARRED AND, THUS, SHOULD BE DISMISSED

Defendants respectfully note that plaintiff concedes that his fraud and G.L.c. 93A claims are time-barred. See Plaintiff's Opp. Br. at 6. "**Shutzer concedes that the three year [statute] of limitations has, [sic] run with respect to Count IV. (Fraud) as [sic] well as the Statue of Limitations with respect to G.L.c. 93A. (Count V)**." Id. (emphasis added). Plaintiff, who also concedes that this Court has jurisdiction to hear his claims (and, in fact, asked this Court to exercise jurisdiction in this case), thus concedes that the Court should dismiss his tort/fraud claims as barred by the Statute of Limitations.

So they should be. Plaintiff's tort claims accrued, at the latest, in March 2000. (Complaint, ¶¶ 12-17). In fact, the Complaint alleges that Defendants committed all of their tortious and otherwise unlawful conduct in and shortly after March 2000. (Id.) Nonetheless, plaintiff waited until July 14, 2005 -- i.e., more than five years -- to file the Complaint.

Accordingly, as plaintiff himself concedes, plaintiff's tort claims (i.e., Counts III, IV, V and VI) are barred by the Statute of Limitations.[1]

## POINT II

### PLAINTIFF ALSO CONCEDES THAT HIS CONTRACT CLAIMS ARE UNSUPPORTED BY ANY WRITING. THUS, THESE CLAIMS, TOO, SHOULD BE DISMISSED AS BARRED BY THE STATUTE OF FRAUDS.

Plaintiff also concedes in this brief that his "employment contract . . . **was not signed**" and, moreover, "**admittedly provided for a three year term**." See Plaintiff's Opp. Br. at 4. The Statute of Frauds, however, renders unenforceable an oral agreement if it is incapable of being performed within one year of its making. See G.L.c. 259, § 1(5); Powers v. Boston Cooper Corp., 926 F.2d 109, 110 (1st Cir. 1991) (applying Massachusetts law and holding that Statute of Frauds rendered plaintiff's alleged contract unenforceable where plaintiff alleged breach of oral employment contract that could not be performed within one year). Moreover, where, as here, a plaintiff claims to be an employee in the absence of any written contract, he is an "at-will" employee and thus subject to dismissal without cause. See Cousin v. Sofono, Inc.,

---

[1] As previously noted, although styled as a claim for "estoppel," Count III is premised on the allegation that "various promises, commitments and offers were made fraudulently and with the intent that Shutzer rely thereon." (Complaint, ¶ 29). Thus, because it is based on allegations of fraud, Count III is barred by the applicable three-year statute of limitations. See G.L.c. 260, § 2A; cf. Kirley v. Kirley, 25 Mass. App. Ct. 651, 654, rev. denied, 402 Mass. 1104 (1988) (corporate "freeze-out" of minority shareholder held governed by three-year statute of limitations applicable to tort, rather than six-year statute of limitations applicable to breach of contract claims). In any event, Count III is redundant with the common law and statutory fraud claims set forth in Counts IV and V, and should be dismissed for that reason, too.
  Count VI, although styled as a claim for "unjust enrichment/quasi-contract," is a thinly-disguised tort claim, because its assertions are based on Defendants' alleged "willful" and "wrongful" misconduct in and after March 2000. See Desmond v. Muffle, 375 F.2d 742, 743 (1st Cir. 1967) (the statute of limitations applicable to unjust enrichment depends upon the "essential nature of plaintiff's claim"). Where, as here, a claim for unjust enrichment is based on allegations of misconduct rather than upon any legally enforceable contract, such a claim is subject to the three-year statute of limitations that applies to torts. See Epstein v. C.R. Bard, Inc., No. Civ. 03-12297-RWZ, 2004 WL 1598912, * 3 (D. Mass. July 19, 2004) (dismissing claim for unjust enrichment under three-year tort statute of limitations where the essential nature of the claim sounded in tort). Accordingly, Count VI is barred by the applicable three-year statute of limitations. See G.L.c. 260, § 2A.

2003 WL 22391233, *8 (D. Mass. 2003) ("**As an employee at-will, plaintiff's employment could be terminated by [the employer] at any time for any, or no, reason at all**") (emphasis added) (citing Jackson v. Action for Boston Cmty. Dev., Inc., 403 Mass. 8, 9 (1988)). Accordingly, Plaintiff's claims for any "breach" of the terms of his at-will "employment" are barred as a matter of law in any event.

In the face of this settled law, plaintiff claims the existence of "partial performance." Plaintiff's alleged "partial performance," however, cannot change the at-will nature of his employment relationship. See Jackson, 403 Mass. at 9. In any event, plaintiff's allegations does not constitute "partial performance" sufficient to vitiate the Statute of Frauds, because any "performance" of the kind alleged by plaintiff is not, in any event, specifically referable to the alleged "oral agreement" which admittedly (i) was "unsigned" and (ii) called for a three-year term. See Rogel v. Collinson, 54 Mass App. Ct. 304, 312-313, 765 N.E.2d 255, 261 (2002) ("This was not enough by itself to constitute sufficient partial performance or detrimental reliance to render the Statute inapplicable"). Accordingly, because plaintiff's contract-related claims are barred by the Statute of Frauds, they should be dismissed.

## POINT III

### UNDER *BRANT*, THE CONVENIENCE OF WITNESSES WEIGHS HEAVILY IN FAVOR OF TRANSFERRING ANY REMAINING CLAIMS TO THE SOUTHERN DISTRICT OF NEW YORK

As set forth in the Order and as pointed out in Defendants' previously-submitted papers (see Defendants' Br. at 14), when analyzing a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), the convenience of the witnesses "is probably the most important factor" in weighing a motion to transfer venue. See Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 3 (D. Mass. 1987) (quoting 15 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE 2D

3

§ 3851 at 415 (1986)). In this matter, the convenience of the witnesses weighs heavily in favor of a transfer of any remaining claims in this matter to New York.

In opposition to Defendants' motion, plaintiff suggests a total of five witnesses located in Massachusetts (i.e., plaintiff, his counsel, and three unidentified employees). Plaintiff's Opp. Br. at 8. Plaintiff does not identify the nature or import of the evidence these unnamed witnesses can be expected to proffer, if any, that bears on the issues in this case. In contrast, Defendants offer the Friedman Supp. Aff., which identifies not less than 2 party witnesses and at least 6 non-party witnesses who live and/or work in and around New York City. These witnesses are within close proximity to the Southern District of New York and, if this matter were transferred, could be compelled to testify. See Brant, 671 F. Supp. 2, 4 (in analyzing convenience, the Court must consider the number of witnesses in the transferor and transferee districts and whether they can be compelled to testify). Since the vast majority of the witnesses identified by defendants are non-parties in the New York metropolitan area, they could not be compelled to testify in Massachusetts.

Moreover, the nature and quality of their anticipated testimony is such that they are essential to addressing the plaintiff's underlying claims and Defendants' opposition thereto. Defendants have identified only three party witnesses who are likely to have relevant testimony: plaintiff, Mr. Friedman and Mr. Kaufman. As between the party witnesses, two of the three witnesses reside and work in New York. Messrs. Friedman and Kaufman can both testify concerning the interaction between SRC and Mimco before and after any alleged "agreement" was reached. They are also expected to offer testimony relating to the performance of SRC's Men's Division during the period in which plaintiff alleges to have generated valuable business for Defendants. In the unlikely event that the plaintiff can make out a *prima facie* case (which

4

for the reasons previously noted plaintiff cannot do), the testimony of these witnesses would be significant in terms of evaluating the parties' credibility and the financial significance of the events at issue. Therefore, considering only the party witnesses, it would be more convenient to litigate this case in New York.

When also considering potential non-party witnesses, Defendants' motion to transfer is even more compelling. Defendants have identified at least 6 non-party witnesses who reside and/or work in close proximity to New York City. The nature of the testimony and documentary evidence that they are expected to provide relates to (i) SRC's financial review of Mimco and the implications of any potential business opportunity between the two companies; (ii) the conversations with Mimco's employees and Mimco's counsel regarding the business opportunities that SRC and Mimco were contemplating and the reasons the parties did not, in fact, consummate any such arrangement; (iii) observations of and conversations with former Mimco employees; (iv) Mimco's motives for pursuing SRC; (v) the performance of SRC's Men's Division during the relevant time period; (vi) Mimco's inability to pay the rent on its New York showroom, and SRC's negotiations directly with the landlord and subsequent execution of a lease; and (vii) the financial arrangements that SRC made in order to obtain letters of credit that were necessary to fulfill certain orders during the period wherein plaintiff alleges that he generated valuable business for Defendants. See Friedman Supp. Aff.

Against this specific list of non-party witnesses who can be compelled to testify in the Southern District of New York, the sole non-party witness identified in plaintiff's opposition to Defendants' motion is Mimco's counsel. Balanced against the large number of non-party witnesses identified by Defendants likely to be called to testify who reside in or near New York,

5

it is clear that the convenience of the non-party witnesses would best be served by transferring this matter to the Southern District of New York.

For these reasons, in the event that the Court is disinclined to dismiss the Complaint in all respects, Defendants respectfully submit that the Court should transfer any remaining claims to the Southern District of New York.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in all respects. If, however, the Court were disinclined to dismiss the Complaint in its entirety, the Court should transfer any remaining action to the Southern District of New York.

Dated: July 28, 2006

S. ROTHSCHILD & CO., INC., S. ROTHSCHILD MEN'S, INC., and MARK FRIEDMAN

By its attorneys,

/s/ Dennis E. McKenna
Dennis E. McKenna BBO # 556428
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

Of counsel:

Paul H. Schafhauser
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400