UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------ x
LAWRENCE SHUTZER,                    : Case No.: 1:05-CV-11486
                                     :
             Plaintiff,            : Hon. Mark L. Wolf, U.S.D.J.
                                     :
vs.                                  :
                                     : **SUPPLEMENTAL AFFIDAVIT OF**
S. ROTHSCHILD & CO., INC. and S.     : **MARK FRIEDMAN**
ROTHSCHILD MEN'S, INC. and MARK      :
FRIEDMAN,                            :
                                     :
             Defendants.           :
                                     :
------------------------------------ x

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

      MARK FRIEDMAN, being duly sworn, deposes and says:

      1.    I am the President of S. Rothschild & Co., Inc. ("SRC"). S. Rothschild Men's, Inc. ("RMI") was an affiliate of SRC. SRC, RMI and I ("Defendants") are the defendants in connection with the above-captioned matter. Unless otherwise indicated, I have personal knowledge of the facts and circumstances set forth herein.

      2.    As directed by the Court by its Order dated June 28, 2006 (the "Order"), I respectfully submit this supplemental affidavit in further support of Defendants' motion to dismiss the complaint (the "Complaint") filed by plaintiff Lawrence Shutzer ("Shutzer") pursuant to Fed. R. Civ. P. 12(b)(6) and/or to transfer venue pursuant to 28 U.S.C. § 1404(a).

      3.    The Order directs the parties to address the issue of convenience of key party and non-party witnesses, including a brief summary of the topics their testimony will

cover. Aside from Shutzer and presumably his counsel, the key witnesses that Defendants anticipate may be called to testify in this matter are as follows:

    a. Mark Friedman, President of SRC. I anticipate that I will testify concerning meetings that occurred with Mr. Shutzer at SRC's headquarters in New York, conferences with SRC's New York accountants and attorneys concerning Mimco, Inc. ("Mimco"), negotiations between SRC and the landlord concerning the lease of the showroom previously occupied by Mimco, SRC's employment of former Mimco employees in New York, SRC's procurement of various letters of credit that were necessary to fulfill certain orders during the period wherein Mr. Shutzer alleges he generated valuable business for Defendants, and the performance of SRC's Men's Division during the same period.

    b. Stanley Sachs, SRC's former outside accountant. Mr. Sachs is believed to be retired and residing in Florida. In addition, I understand that Mr. Sachs is ill and it would be extremely difficult for him to testify in either New York or Massachusetts. Mr. Sachs, however, made the introduction between SRC and Mimco. Mr. Sachs would be able to testify concerning the parties' introduction and the financial implications of any potential business arrangement.

    c. Stephen Rankel, CPA, SRC's former outside accountant. Mr. Rankel is believed to reside in Long Island, New York and work in New York City. Mr. Rankel previously worked with Mr. Sachs and, upon Mr. Sachs' retirement, was primarily responsible for SRC's accounting and tax issues. While Mr. Rankel may have information relating to the introduction of SRC and Mimco, Defendants anticipate that Mr. Rankel would also be able to testify concerning SRC's evaluation of potential business opportunities with Mimco. In addition, it is believed that Mr. Rankel would be able to testify concerning SRC's financial performance

during the period in which plaintiff alleges to have generated valuable business for Defendants. Defendants further believe that Mr. Rankel will be instrumental in identifying and locating documentary evidence, which is believed to be in archives in New York, that will be essential to this case.

        d.    Stephen Kalnick, SRC's former Treasurer and Chief Financial Officer. Mr. Kalnick is believed to reside in New Jersey and work in New York. Defendants anticipate that Mr. Kalnick would be able to testify concerning SRC's approach to potential business opportunities with Mimco and the potential financial implications. In addition, it is believed that Mr. Kalnick would be able to testify concerning financial analyses performed for SRC in preparation for calls and/or meetings with plaintiff, and SRC's financial performance during the period in which plaintiff alleges to have generated valuable business for Defendants. Defendants further believe that Mr. Kalnick will be able to testify concerning SRC's negotiations directly with the landlord concerning the property identified in the Complaint as Mimco's alleged showroom. Mr. Kalnick was also personally involved in SRC obtaining letters of credit that relate to the orders filled by SRC's Men's Division, which I understand to be in dispute in this case. Mr. Kalnick is not employed by Defendants, nor does he have any form of ongoing business relationship with Defendants.

        e.    Daniel A. Swick, Esq., SRC's outside counsel. Mr. Swick is believed to reside in New Jersey and works in both New Jersey and New York. Defendants anticipate that Mr. Swick would testify concerning conversations with Mimco's counsel regarding the business opportunities that SRC and Mimco were contemplating and the reasons the parties did not, in fact, consummate any such arrangement.

      f. Tom Lewis, a former Mimco and SRC employee. Mr. Lewis is believed to reside in, or in close proximity to, New York. I do not have any information concerning Mr. Lewis' place of work. Mr. Lewis was hired by SRC as a sales manager to supervise the salesmen in SRC's Men's Division. It is anticipated that Mr. Lewis would be able to testify concerning plaintiff's financial condition prior to the time period identified in the Complaint, Mimco's inability to fulfill customer orders, plaintiff's and Mimco's motive for pursuing potential business with SRC, and the performance of SRC's Men's Division during the period in which plaintiff alleges to have generated valuable business for Defendants. Mr. Lewis is not employed by Defendants, nor does he have any form of ongoing business relationship with Defendants.

      g. Fred Conte, a former Mimco and SRC employee. Mr. Conte is believed to reside in Long Island, New York. I do not have any information concerning Mr. Conte's place of work. Mr. Conte was hired by SRC as an account salesman in SRC's Men's Division. It is anticipated that Mr. Conte would be able to testify concerning plaintiff's operations leading up to the time period identified in the Complaint, Mimco's inability to fulfill customer orders, and Mimco's sales practices. Mr. Conte should also be able to offer testimony concerning the performance of SRC's Men's Division during the period in which plaintiff alleges to have generated valuable business for Defendants. Mr. Conte is not employed by Defendants, nor does he have any form of ongoing business relationship with Defendants.

      h. Michael Kaufman, an SRC employee. Mr. Kaufman resides and works in New York City. Mr. Kaufman is a salesman in SRC's Men's Division. Defendants expect that Mr. Kaufman would be able to testify concerning his observations of and conversations with former Mimco employees, Mimco's motive for pursuing potential business

with SRC, and the performance of SRC's Men's Division during the period in which plaintiff alleges to have generated valuable business for Defendants.

    i. 485 Seventh Avenue LLC ("485 Seventh Ave."), SRC's landlord. 485 Seventh Ave. owns and/or operates the property located at 485 Seventh Avenue, New York City, New York. Contrary to the allegations in the Complaint, 485 Seventh Ave. would be able to offer testimony and documentary evidence to demonstrate that, during the relevant time period, Mimco was not able to pay its rent for its New York showroom, so SRC entered into negotiations directly with the landlord and signed a lease.

    j. In addition to the above-named potential witnesses, Defendants believe it may be necessary to obtain testimony from witnesses and documents from the financial institutions that were involved in the issuance of letters of credit that SRC obtained which were necessary to fulfill certain orders during the period wherein Mr. Shutzer alleges he generated valuable business for Defendants. I believe that all of these institutions, potential witnesses, and documents are located in New York City.

4.  As set forth in Defendants' opening motion papers, and in light of the facts set forth above, the locus of this dispute clearly is in New York. All three defendants are based in New York, the operative facts allegedly occurred in New York, the real property that plaintiff allegedly transferred to Defendants and its landlord are located in New York, and there are many other non-party witnesses located in New York who will be able to offer testimony and documentary proof necessary to refute plaintiff's baseless claims. As a result, the costs and burdens of litigating this case would be greatly exacerbated if this matter were to proceed in Massachusetts, rather than in New York.

MARK FRIEDMAN

Sworn to before me this
18th day of July 2005

Linda Einhardt
Notary Public

