UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE SHUTZER, | ) | C.A. NO. |
| PLAINTIFF | ) | 05-11486-MLW |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| S. ROTHSCHILD & CO, INC., S. | ) | |
| ROTHSCHILD MEN'S, INC. AND | ) | |
| MARK FRIEDMAN | ) | |
| DEFENDANTS | ) | |

**PLAINTIFF'S SECOND SUPPLEMENTAL MEMORANDUM ON THE FORUM NON–CONVENIENS ISSUE**

The Plaintiff, Lawrence Shutzer, respectfully submits this Second Supplemental Memorandum in response to the Supplemental Affidavit of Mark Friedman and the Defendants' Supplemental Memorandum filed therewith.

**FACTS**

The Plaintiff incorporates herein the Second Supplemental Affidavit of Lawrence Shutzer contemporaneously filed herewith as well as the previous Affidavits of Lawrence Shutzer filed in opposition to the pending motion.

**ARGUMENT**

THE DEFENDANTS HAVE STILL NOT MET THEIR BURDEN UNDER <u>BRANT</u> SO AS TO GIVE THIS COURT CAUSE TO TRANSFER THIS CASE TO NEW YORK CITY.

The Plaintiff urges the Court to closely examine the eight potential witnesses named in Mr. Friedman's Affidavit (nine, if one counts the unnamed landlord of the New York showroom) particularly in the context of the descriptions of their

expected testimony.  Only two of the witnesses named can offer substantive and relevant testimony in a trial of this action.  They are Mr. Friedman, himself, and Mr. Swick.  The description of the testimonies which the other witnesses purportedly may offer, as set forth in Mr. Friedmans' Affidavit, is vague, at best, and in most cases deals with Mimco's business prior to the parties' agreement; i.e. before the time period relevant to this action.  Mr. Friedman's Affidavit appears to infer that somehow Mimco's business history may be the basis for the Defendant's defense of this case. However, nowhere does Mr. Friedman come out and say what he means.  The purported gist of his potential witnesses' testimonies is couched in vagaries and innuendo.  Nowhere in Mr. Friedman's several Affidavits does he refute that:  (i) the parties agreed to combine forces and launch RMC (and did launch RMC); (ii) the Plaintiff (through Mimco) undertook certain actions in reliance on such agreements; (iii) written contracts were negotiated and drafted by counsel for the parties; (iv) the Plaintiff (through Mimco) brought millions of dollars of sales orders to RMC; (v) Mr. Friedman (and the other Defendants) for reasons, as yet unknown, refused to execute the written contracts; and (vi) the Defendants did not pay to the Plaintiff what he was entitled to be paid under their agreement.  Furthermore, none of the proffered testimonies of the so-called witnesses (other than Mr. Friedman and Mr. Swick) deal with what this case is about or is offered to refute the Complaint's allegations.  Indeed, it is unclear from Mr. Friedman's Affidavit what, if anything, these people actually witnessed. In response to this Court's request for the parties to do a Brant analysis dealing with the convenience of witnesses, Mr. Friedman has, in effect, listed a bunch of names of people who may have had anything at all to do with the Defendants or RMC. Mr. Shutzer likewise could have "padded" his witness list by naming any number

2

of peripheral individuals who may have had some tangential relationship to RMC, but no real substantive knowledge of it. Mr. Shutzer, however, has chosen not to do so and has responded to the Court's request in a forthright manner. Mr. Shutzer asserts that the Defendants have patently not demonstrated the same scruples; i.e. by disingenuously stacking their list of potential witnesses with people whom they know will never be called to testify in this case, the Defendants are not being forthright with this Court. For purposes of their Motion to Transfer, it is obviously in the Defendant's interest to attempt to make this Court believe that this case is akin to an epic of biblical proportions with a cast of thousands (almost all of whom are New Yorkers) and myraid documentary evidence which is widely scattered. In contrast, Mr. Shutzer cannot stress enough to the Court that the trial of this matter in actuality will be a quite modest and intimate production, involving but four key witnesses; and it is those same witnesses who are in possession of the documentary evidence which will either support their own testimony or be used to attempt to refute the testimony of the other side.

As stated in the Plaintiff's Supplemental Memorandum, previously filed, one side or the other will be inconvenienced by this Court's decision with respect to the Motion to Transfer. The Plaintiff has, in fact, chosen this forum. This forum was the location of RMC's headquarters, the location of its chief executive, sales, sourcing and decision making. Two of the four key witnesses are in this forum. The Plaintiff has, therefore, demonstrated that the inconvenience of his witnesses will be at least as great, if not greater than the inconvenience to the other side. Therefore, the Defendants cannot and have not met their burden that they will be so terribly inconvenienced as to mandate that the Court transfer this action to New York City.

CONCLUSION

For the foregoing reasons the Defendants' Motion to Dismiss and/or Transfer should be denied.

Respectfully submitted,

Lawrence Shutzer,
By his attorney,


s/ Lawrence M. Slater_____
Lawrence M. Slater, Esq.
BBO No. 466320
270 Union Street
Lynn, MA  01901
(tel)781-592-0216
(fax) 781-592-0217
e-mail lawrenceslater@verizon.net

4