```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


LAWRENCE SHUTZER                      )
                                      )
             Plaintiff,               )
                                      )
       v.                             )  CIVIL ACTION NO.
                                      )  05-11486-MLW
S. ROTHSCHILD & CO., INC. and S.      )
ROTHSCHILD MEN'S, INC. and MARK       )
FREIDMAN                              )
                                      )
             Defendants.              )
```

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                          September 19, 2006


Plaintiff Lawrence Shutzer ("Shutzer") has brought claims against defendants S. Rothschild & Co., Inc. ("SRC"), S. Rothschild Men's, Inc. ("RMI"), and Mark Friedman ("Friedman"), alleging that the defendants breached their contract with him in March, 2000. RMI is a wholly owned subsidiary of SRC and both are controlled by the same principals. They are collectively referred to as "Rothschild." The defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer venue to the Southern District of New York.

The court has carefully considered the motions and the responses. For the following reasons, the motion to dismiss is being allowed in part and denied in part. Counts IV and V are being dismissed against all of the defendants. All of the counts

are being dismissed against defendant Friedman. The motion to transfer venue is being denied.

The facts alleged in the complaint include the following. Shutzer, a Massachusetts resident, worked for Mimco, Inc. ("Mimco"), a men's outerware company, throughout the 1990s. In 1999, Friedman, as the director president and principal shareholder of RMI and SRC, met with Shutzer in New York to discuss a possible relationship between Rothschild and Mimco. Following the meeting, the parties had extensive negotiations relating to a merger between Mimco and SRC. The parties orally agreed that SRC would purchase all patterns, samples, and other assets owned by Mimco. In return, SRC would receive an assignment of all rights to Mimco's New York showroom at a below-market rental. Also, all of the Mimco employees, including Shutzer, would become either SRC or RMC employees.

It is also alleged that on February 15, 2000, the parties further orally agreed that: Shutzer would attempt to obtain as many orders as possible from former Mimco customers for Rothschild; Rothschild would hire all Mimco employees; Shutzer would receive a written employment contract, be included on SRC's payroll, and be paid a sales commission for three years in addition to a salary; SRC would acquire Mimco's New York and Massachusetts offices; for three years, the profits generated by Rothschild's men's division would be shared equally between Shutzer and Rothschild after

deducting salaries paid to former Mimco employees; and Shutzer would run Rothschild's men's business.

Shutzer further alleges that throughout 2000, he continued to generate business for Rothschild and marketed and promoted the Rothschild business. However, the defendants failed to meet any of their obligations to Shutzer. As a result, Shutzer alleges the defendants are liable for breach of contract (Count I), breach of the implied covenant of good faith (Count II), estoppel (Count III), fraud (Count IV), violation of Mass. Gen. Laws. Ch. 93A (Count V), and unjust enrichment/quasi-contract (Count VI). Finally, in Count VII, Shutzer asserts a claim for an accounting, from 2000 to the present, alleging that the defendants have refused to give him access to financial records showing the sales and profits on orders that he obtained.

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass 1996); see also Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). "'A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Miranda v. Ponce Fed'l Bank, 948 F.2d 41, 44 (1st Cir.

1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must "neither weigh[] the evidence nor rule[] on the merits because the issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence in support of their claims." Day, 917 F. Supp. at 75.

This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). A court should "eschew any reliance on bald assertions, unsupportable conclusions, and 'opprobrious epithets.'" Chongris v. Board of Appeals of Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987) (quoting Snowden v. Hughes, 321 U.S. 1, 10 (1944)), cert. denied, 107 S. Ct. 3266 (1987).

The plaintiff concedes that his tort claims in Count IV (Fraud) and Count V (G.L.c. 93A) are time-barred. This conclusion is correct. Under Massachusetts law, "actions of tort...shall be commenced only within three (3) years after the cause of action accrues." Mass. Gen. Laws ch. 260, §2A. The plaintiff filed this case more than five years after he discovered the cause of harm for his injury. Therefore, Counts IV and V are being dismissed.

The defendants argue that all of the other counts should be dismissed as well. Because it is alleged that Friedman acted on behalf of Rothschild, all of the remaining counts against him are

being dismissed. "A contract made by the authorized agent of a corporation is the corporation's contract." Dolben v. Gleason, 292 Mass. 511, 514 (1935). Therefore, "[u]nder Massachusetts law, a high corporate officer may be personally liable for the torts a corporation commits at his direction. But, the officer ordinarily is not liable for the corporation's breach of contract," unless the officer acted out of actual malice. Union Mutual Life Insurance Company v. Chrysler Corporation, 793 F.2d 1, 11 (1st Cir. 1986). As explained below, all of the remaining counts in the complaint, except Counts IV and V which are being dismissed, are contract-related. In addition, the complaint states that Friedman, the director president and principal shareholder of RMI and SRC, was, at all times material to the complaint, "acting on behalf of the corporate Defendants and had the full authority to act on their behalf in his dealings with Shutzer and Mimco." Complaint ¶22. Therefore, none of the counts against Friedman survive the motion to dismiss.

The corporate defendants argue that the contract-related claims (Counts I and II) should be dismissed because they are subject to the Statute of Frauds. As explained earlier, Shutzer alleges that he reached an oral agreement with the defendants. However, the Statute of Frauds renders unenforceable an oral agreement if it cannot be performed within one year of its making. Mass. Gen. Laws ch. 259, §1. See also In re Furst, 914 F.Supp.

734, 738 (D. Mass. 1996)("the Statute of Frauds invalidates an oral joint venture agreement if it can be shown that the agreement is not to be performed within one year from the making thereof.")(quotations and citations omitted). Shutzer alleges the parties orally agreed to a contract for a "three year period." Complaint ¶3. Therefore, the corporate defendants contend that the contract is unenforceable. In addition, they argue that if "no contract exists, there can be no derivative implied covenant of good faith and fair dealing applicable to [the] parties." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 230 (1st Cir. 2005).

The Statute of Frauds, however, does not provide a proper basis for granting the corporate defendants' motion to dismiss. "Numerous cases state that the affirmative defenses specifically listed in Federal Rule 8(c) [which includes the Statute of Frauds]...and any other defense that is not specified in Rule 12(b), must be asserted in the defendants' answer; as a result of these precedents, most defensive matters cannot be the basis for a motion to dismiss plaintiff's claim." 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, §1277, at 626 (2004). The Third Circuit and some other courts have, however, permitted motions to dismiss to be decided on the basis of any affirmative defense. Id. at 628. However, even this broader approach would not result in the dismissal of Shutzer's claims

because he has alleged facts which, if proven, would defeat a Statute of Frauds defense.

More specifically, "estoppel, if appropriately applied...would...preclude [the defendant] from asserting the affirmative defense of the Statute of Frauds." <u>Cellucci v. Sun Oil Co.</u>, 2 Mass. App. Ct. 722, 728 (1974)). Estoppel precludes a Statute of Frauds defense if the following factors are satisfied:

> (1) A representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made. (2) An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made. (3) Detriment to such person as a consequence of the act or omission."

<u>Palandjian v. Pahlavi</u>, 614 F.Supp. 1569, 1581 (D. Mass. 1985)(quoting <u>Cellucci</u>, 2 Mass. App. Ct. at 728). <u>See</u> <u>also</u> <u>Andrews v. Charon</u>, 289 Mass. 1, 5 (1935)(the "basis for estoppel against setting up the Statute of Frauds is such change of situation or part performance by the party seeking relief as places him in a situation which is a fraud upon him, unless the agreement is fully performed.")(quotation omitted); <u>Hickey v. Green</u>, 14 Mass. App. Ct. 671, 673 (1982)("[a] contract...may be specifically enforced notwithstanding failure to comply with the Statute of Frauds if it is established that the party seeking enforcement, in reasonable reliance on the contract and continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only be specific enforcement.").

In Palandjian, the parties entered into an oral agreement to develop a holiday resort. Palandjian, 614 F.Supp. at 1571-1572. There was evidence that after the contract was established, the defendant made specific promises to the plaintiff regarding the resort project, reasonably inducing the plaintiff to invest substantial time, money, and other resources in developing the resort. Id. In denying a motion for summary judgment, the court held this evidence to be sufficient to prove estoppel that could defeat a Statute of Frauds defense. Id. at 1580-1581. Similarly, in Cellucci, the court held that the defendant could not prevail on a Statute of Frauds defense because the defendant had misled the plaintiff into thinking it would accept his offer, and the plaintiff had relied on the misrepresentation to his detriment. Cellucci, 2 Mass. App. Ct. at 728-729.

In the instant case, the facts alleged and the reasonable inferences to be drawn from them suggest the following. Shutzer was induced by the defendants to perform substantially to his detriment. Shutzer alleges that the parties reached an agreement as to his role in SRC on February 15, 2000. Part of that agreement was that Shutzer would receive a written employment contract. Although he never received a written employment contract, by March of 2000, the material terms of his employment had been worked out. Shutzer contends that in reliance on them, he delivered millions of dollars of business to the defendants from former Mimco customers

and others. Since the business went to the defendants and not to Shutzer himself, he did this to his financial detriment. Therefore, the plaintiff has sufficiently alleged facts which would, if proven, justify a finding of estoppel that would defeat defendants' Statute of Frauds defense.

The defendants argue that Shutzer's claims of estoppel (Count III) and unjust enrichment/quasi contract (Count VI) should be dismissed because they are each tort claims on which the statute of limitations period has expired. As described earlier, under Massachusetts law, there is a three-year statute of limitations on tort actions. Mass. Gen. Laws ch. 260, §2A. The statute begins to run when the plaintiff discovered or reasonably should have discovered the cause of harm for his injury. Bowen v. Eli Lilly & Co., Inc., 408 Mass. 204, 205-06 (1990). In this case, Shutzer alleges that he became aware of the defendants' harmful conduct in 2000. He did not file this case until more than five years later. Therefore, if Counts III and VI are tort claims, they do not survive defendants' motion to dismiss. However, the statute of limitations for contract actions is six years. Mass. Gen. Laws. ch. 260, §2. Therefore, if Counts III and VI are treated as contract claims, they are not time-barred.

"It is sometimes permissible to grant a motion to dismiss based on an affirmative defense such as the statute of limitations. That happens 'when the pleader's allegations leave no doubt that an

asserted claim is time-barred.'" Centro-Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1,6 (1st Cir. 2005)(quoting La Chapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)); see also Edes v. Verizon Communications, Inc., 417 F.3d 133, 137 (1st Cir. 2005); Jorge v. Rumsfeld, 404 F.3d 556, 561 (1st Cir. 2005). The allegations in Counts III and V of the complaint in this case do not demonstrate beyond doubt that these claims are time-barred.

"In Massachusetts the statutes of limitation applicable to law actions based on contract and tort are also applicable to suits in equity. Kagan v. Levenson, 334 Mass. 100 (1956). In deciding which statute applies in a given case, it is necessary to determine the essential nature of plaintiff's claim. Kagan v. Levenson, supra." Desmond v. Muffle, 375 F.2d 742, 743 (1st Cir. 1967). In the instant case, the essential nature of both Counts III and VI are contract-related. While Count III references fraudulent action, it alleges that Shutzer reasonably relied to his detriment on the representations made to him. This is an estoppel claim which, as described earlier, is a contract-related theory of recovery. See Palandjian, 614 F.Supp. at 1580-81. Similarly, Count VI, which alleges unjust enrichment/quasi-contract derives from the plaintiff's assertion that he conferred substantial benefit upon the defendants because he was led to believe he was performing pursuant to a contract between the parties. The

allegations in Counts III and VI are substantially different from those in which courts have held the claims are primarily tort related.  For example, in Epstein v. C.R. Bard, Inc., 2004 WL 1598912, *3 (D. Mass. 2004), it was held the three-year tort statute of limitations applies to the unjust enrichment claim because "the [c]omplaint sounds in tort and makes no mention of any contract."  In the instant case, however, the alleged contract is not only mentioned, it is at the heart of the claims.  Therefore, since the statute of limitations for contract claims is six years, both Counts III and VI survive.  See Mass. Gen. Laws. ch. 260, §2.

The defendants' motion to transfer venue is not meritorious. The party seeking transfer of venue has a heavy burden, because "there is a strong presumption in favor of the plaintiff's choice of forum."  Cody v. Ashcraft & Geral, 223 F.3d 1, 11 (1st Cir. 2000).  The convenience of witnesses is the most important factor in deciding a motion to transfer.  Brant Point Corp. v. Poetzsch, 671 F.Supp. 2,3 (D. Mass. 1987).  Under this factor, "the Court must consider not only the number of potential witnesses located in the [two] districts, but also the nature and quality of their testimony."  Id.

In the instant case, the convenience of witnesses factor does not tilt in either party's favor.  The defendants point to eight witnesses living in the New York area, only three of whom are key witnesses.  Defendant Friedman, who negotiated with Shutzer is

located in New York. Also, Daniel A. Swick who resides in New Jersey and works in New Jersey and New York, had conversations with Mimco's counsel and thus can provide important testimony about whether the parties reached the agreement alleged in the complaint. Finally, 485 Seventh Avenue LLC, SRC's landlord, could potentially refute allegations in the complaint that Mimco paid rent for its New York showroom.

There are five potential minor witnesses living in New York. Stephen Rankel, SRC's former outside accountant, resides in Long Island, New York. While he could testify on SRC's evaluation of potential business opportunities with Mimco, he never participated in any negotiations with Shutzer, nor has he ever met the plaintiff. Stephen Kalnick, SRC's former Treasurer and Chief Financial Officer, resides in New Jersey and works in New York. He could testify to SRC's approach to potential business opportunities with Mimco and SRC's negotiations with the landlord concerning Mimco's alleged showroom, but not to any negotiations with Shutzer. Tom Levis and Fred Conte are both former Mimco and SRC employees residing in the New York area who could testify about Mimco's motive for pursuing business with SRC, but neither had any involvement in the negotiations between the parties, nor were they involved in the events leading up to the termination of the relationship between the plaintiff and the defendants. Finally, Michael Kaufman, an SRC employee could testify about his

observations of and conversations with former Mimco employees, but not about the alleged agreement that is central to this case.

On the other hand, Shutzer, a vital witness, resides in Massachusetts. He represents that he is eighty years old, has limited financial resources, and that as a solo business owner, could not be away from his business for long periods of time. In addition, Shutzer's counsel during his negotiations with the defendants, Paul Levenson, also resides in Massachusetts. The testimony of Levenson and Shutzer is very important to the case because they will testify to the nature of the negotiations and what was agreed upon between Shutzer and the defendants. Finally, when Shutzer began working for RMC, he worked at the RMC offices in Massachusetts. This office had three employees, who could be minor witnesses testifying about Shutzer and the defendants' conduct in 2000.

Therefore, there are key witness located in Massachusetts and New York, and one of the Massachusetts witnesses is elderly and has limited financial resources to travel. Neither party has shown that one venue is significantly more convenient for the bulk of the important witnesses in this case. "Transfer of venue is inappropriate...where its effect merely shifts the inconvenience from one party to another." Holmes Group, Inc. v. Hamilton Breach/Proctor Silex, Inc., 249 F.Supp.2d 12, 16 (D.Mass. 2002). Thus, the defendants have not met their heavy burden to overcome

the plaintiff's choice of venue.

The defendants also argue that all of the events at issue in this case took place in New York. However, while the two or three face-to-face meetings took place in New York, Shutzer represents that many of the major negotiations took place during telephone conference calls while Shutzer was in Massachusetts. In addition, according to Shutzer, and not disputed by the defendants, RMC established its executive offices in Massachusetts and three employees worked out of that office. Quotes to customers originated from Massachusetts and customer orders were received in Massachusetts. Since RMC and Shutzer's business after the alleged agreement is relevant to the case, both Massachusetts and New York have a nexus to the dispute.

Finally, from a practical standpoint, the interests of justice do not demand that this case be transferred to New York. The plaintiff is 80 years old and represents his business will suffer if he has to leave Massachusetts for a week. The defendants who are involved in a business with many employees will not suffer a significant inconvenience if some of its employees must make the short trip from New York to Boston. "[I]t is not a hardship to travel from New York to Boston in order to appear for a civil trial." Veryfine Products, Inc. v. Philo Corp., 124 F.Supp.2d 16, 26 (D. Mass. 2000).

14

Accordingly, it is hereby ORDERED that:

1. The defendants' Motion to Dismiss pursuant to Fed.R.Civ.Proc. 12(b)(6) (Docket No. 7) is ALLOWED with respect to all counts against defendant Friedman and Counts IV and V against all the defendants. The motion is DENIED with regard to Counts I,II,III,VI, and VII against defendants SRC and SRI.

2. The defendants' Motion to Transfer Venue (Docket No. 7) is DENIED.

3. A Scheduling Conference will be held on October 13, 2006, 2006, at 4:00 p.m. The parties shall comply with the attached Order concerning that conference.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LAWRENCE SHUTZER

V.

S. ROTHSCHILD & CO. et al

CIVIL ACTION
NO.   05-11486-MLW

**NOTICE OF SCHEDULING CONFERENCE/MOTION HEARING**

An initial scheduling conference will be held in Courtroom No.  10  on the  5  floor at 4:00  p.m. on October 13, 2006 , in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[1] to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

September 20, 2006
    Date

/s/ Mark L. Wolf
United States District Judge

By:   /s/ Dennis O'Leary
Deputy Clerk

---

[1] These sections of Local Rule 16.1 provide:

(B) <u>Obligation of counsel to confer</u>. Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty-one (21) days before the date for the scheduling conference for the purpose of:

(1) preparing an agenda of matters to be discussed at the scheduling conference,

(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

(3) considering whether they will consent to trial by magistrate judge.

(C) <u>Settlement proposals</u>. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D) <u>Joint statement</u>. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

(1) a joint discovery plan scheduling the time and length for all discovery events, that shall

(a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

(b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

(2) a proposed schedule for the filing of motions; and

(3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

(16b-notice-1.wpd - 12/00)                                                                                           [ntchrgcnf.  schedcnfddl.]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                Plaintiff(s)

         v.                         CIVIL ACTION
                                    NO. _____

_____
                Defendant(s)

SCHEDULING ORDER

WOLF, D.J.

      This case is governed procedurally by the 1992 Amendments to the Local Rules of the United States District Court for the District of Massachusetts (the "Local Rules"), which implement the District's Civil Justice Expense and Delay Reduction Plan. Counsel must, therefore, comply with the relevant Local Rules in the litigation of this case.

      It is hereby ORDERED pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16(f) that:

[ ]  1.   _____ shall respond to the Complaint by _____.

[ ]  2.   Any proposed party who has not yet been served shall be served by_____. Counsel shall within 14 days thereafter file a return of service or a statement that service has not been accomplished and that the claims against the previously named proposed party shall be dismissed without prejudice.

[ ]  3.   Any Motion to Amend the pleadings, or any Motion to File additional pleadings, shall be filed by_____, and responses shall be filed as required by the applicable provisions of the Federal Rules of Civil Procedure.

[ ]  4.   The parties shall by_____ make the automatic document disclosure required by Local Rule 26.2(A) and, if applicable, disclose the information required by Local Rule 35.1

[ ]  5.  The parties shall by _____ make the disclosure authorized by Local Rule 26.1(B)(1) and (2).

[ ]  6.  All dispositive motions except motions for summary judgment shall be filed by _____ and responses shall be filed fourteen days thereafter pursuant to Local Rule 7.1.

[ ]  7.  Discovery shall initially be limited to the issue(s) of _____, and shall be complete by _____.

[ ]  8.  Counsel for the parties shall meet at least once to explore the possibility of settlement and report to the court by _____ the status and prospects for settlement.

   If the case is not settled, the parties shall report whether they wish to participate in mediation to be conducted by a magistrate judge or attorney on the Court's panel of mediators.

[ ]  9.  A settlement conference, which must be attended by trial counsel with full settlement authority or with their clients, shall be held on _____, at _____.

[ ]  10.  A status and case management conference will be held by Magistrate Judge _____ on a date to be scheduled by him in _____.

[ ]  11.  Plaintiff(s) and/or Counterclaim or Third Party Plaintiff(s) shall by _____ designate experts and disclose the information described in Fed. R. Civ. P. 26(a)(2), concerning each expert.  Each other party shall by _____ designate expert(s) and disclose the information described in Fed. R. Civ. P. 26(a)(2).

[ ]  12.  All discovery shall be complete by _____.

[ ]  13.  Counsel for the parties shall confer and, by _____, file a report as to the prospects for settlement and whether either party feels there is a proper basis for filing a motion for summary judgment.

[ ]  14.  A scheduling conference will be held on _____ at _____ and must be attended by trial counsel with full settlement authority or with their client(s). If appropriate, a schedule for filing motions for summary judgment will be established at this conference.

[ ]  15.  A final pretrial conference will be held on _____ at _____ and must be attended by trial counsel with full settlement authority or with their client.  Counsel shall be prepared to commence trial as of the date of the final pretrial conference.

[ ]  16.  Trial shall commence on_____ .

[ ]  17.  This case is hereby referred to Magistrate Judge           for all pretrial proceedings, including reports and recommendations concerning any dispositive motions.

    All provisions and deadlines contained in this Order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings. Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record. The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery.
    Counsel are encouraged to seek an early resolution of this matter. Additional case management conferences may be scheduled by the Court or upon the request of counsel.

```
                              By the Court,
                              DENNIS P. O'LEARY
```

_____        _____
Date                          Deputy Clerk