```
LAWRENCE SHUTZER                    )
                                    )
               Plaintiff,           )
                                    )
          v.                        )   CIVIL ACTION NO.
                                    )   05-11486-MLW
S. ROTHSCHILD & CO., INC. and S.    )
ROTHSCHILD MEN'S, INC. and MARK     )
FREIDMAN                            )
                                    )
               Defendants.          )
```

## ORDER

WOLF, D.J.                                              October 13, 2006

On September 19, 2006, the court issued a Memorandum and Order denying defendants' motion to dismiss or to transfer venue. An attorney for each party was provided this decision electronically on September 20, 2006. A copy of the Memorandum and Order was also faxed to defendants' lead counsel, Paul Schafhauser, Esq. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A) defendants' answer to the complaint was due 10 days later, by September 30, 2006. As of the October 13, 2006 Scheduling Conference no answer had been filed. Therefore, plaintiff's oral motion for a default was allowed.

The September 19, 2006 Memorandum and Order required that the parties comply with the Order attached to it concerning the scheduling conference set for October 13, 2006. That Order stated, in pertinent part, that "[t]he court considers attendance of the senior lawyers ultimately responsible for the case...to be of the utmost importance...Failure to comply fully with this notice...may

result in sanctions..." September 20, 2006 Notice of Scheduling Conference. At the Scheduling Conference, the court was informed by defendants' local counsel that Paul Schafhauser, Esq. of New Jersey, who has been admitted pro hac vice for the purpose of this case, is defendants' senior attorney responsible for this case. Mr. Schafhauser, however, was not present for the conference.

Accordingly, it is hereby ORDERED that:

1. Each defendant is defaulted for failure to file a timely answer to the complaint.

2. Any defendant who wishes to attempt to show cause why the default against that defendant should be removed shall file a motion, memorandum, and supporting affidavit by October 30, 2006. If Mr. Schafhauser wishes to continue to represent any or all of the defendants in this case, he shall, by October 30, 2006, pay to the Clerk of this District Court sanctions in the amount of $1000 pursuant to Federal Rule of Civil Procedure 16(f).

3. Plaintiff shall, by November 15, 2006, respond to any motion to remove default.

4. If no motion to remove default is then pending, plaintiff shall, by November 17, 2006, file a motion for default judgment and supporting affidavit(s) in the manner required by Federal Rule of Civil Procedure 55. Defendants shall respond by December 8, 2006.

                                                /s/ Mark L. Wolf

UNITED STATES DISTRICT JUDGE