UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------ x
LAWRENCE SHUTZER,                    :   Case No.: 1:05-CV-11486
                                     :
            Plaintiff,               :   Hon. Mark L. Wolf, U.S.D.J.
                                     :
      vs.                            :
                                     :
S. ROTHSCHILD & CO., INC. and S.     :
ROTHSCHILD MEN'S, INC. and MARK      :
FRIEDMAN,                            :
                                     :
            Defendants.              :
                                     :
------------------------------------ x

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE DEFAULT, TO EXTEND THE TIME TO ANSWER AND FOR LEAVE TO FILE AN ANSWER IN THE FORM SUBMITTED HEREWITH

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400
Attorneys for Defendants

RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
Attorneys for Defendants

Defendants S. Rothschild & Co., Inc., S. Rothschild Men's, Inc., and Mark Friedman respectfully submit this Memorandum in support of their motion to set aside the default entered by the Court, to extend the time to answer, and for leave to file an answer in the form respectfully submitted herewith. On Friday, October 13, 2006, the Court held an initial scheduling conference pursuant to Fed. R. Civ. P. 16 (b). At the conference, the Court indicated that it would enter default against defendants. By Order dated October 13, 2006, the Court entered default against defendants, and directed defendants' counsel, Paul Schafhauser, Esq., to pay sanctions pursuant to Fed. R. Civ. P. 16 (f) if he wishes to continue to represent any of the defendants in this case.

Defendants respectfully submit that good cause exists to set aside the default entered by the Court pursuant to Fed. R. Civ. P. 55 (c). The procedural history of this matter to date, including the submission by defendants of voluminous papers on their motion to dismiss, does not indicate a failure to defend this matter, nor any willful noncompliance with the Rules or the Court's directives. The Court should allow this matter to be litigated on its merits, rather than saddle defendants with the entry of a default in a matter in which they have meritorious defenses and in which plaintiff is seeking approximately $1,750,000.00 in damages against them. There would be no prejudice to plaintiff if the Court were to grant defendants leave to file an answer in the form they have submitted with this motion, and to direct the parties to proceed in accordance with the discovery plan to which they have already agreed.

For these reasons, as more fully set forth herein, defendants respectfully request that the Court grant the instant motion in all respects.

## STATEMENT OF FACTS

The facts pertinent to the instant motion are set forth in the accompanying Affidavit of Paul H. Schafhauser. Rather than repeat those facts at length herein, defendants respectfully incorporate the facts contained in the accompanying affidavit by reference.

## LEGAL ARGUMENT

## GOOD CAUSE EXISTS TO SET ASIDE THE DEFAULT PURSUANT TO RULE 55(C) AND TO GRANT DEFENDANTS LEAVE TO FILE AN ANSWER IN THE FORM SUBMITTED HEREWITH

Pursuant to Fed. R. Civ. P. 55(c), the court may set aside the entry of default for good cause shown. "'Good cause' is a mutable standard, varying from situation to situation." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). Nevertheless, "[i]n determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Id. (citing United States v. One Parcel of Real Property, 763 F.2d. 181, 183 (5th Cir. 1985)). A court "may also examine into such things as the proffered explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion." Coon, 867 F.2d at 77.

The good cause standard is "a liberal one." Id. at 76. Thus, particularly at the early stages of a case, "a district court should resolve doubts in favor of a party seeking relief from the entry of a default." Id.; see also Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) ("Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits.").

Allowing an entry of default to be set aside on a showing of reasonable justification is in keeping "with the philosophy that actions should ordinarily be resolved on their merits." Coon, 867 F.2d at 76 (citing One Parcel, 763 F.2d at 183). Moreover, a liberal approach to the setting aside of a default is consistent "with the command of the Civil Rules themselves." Coon, 867 F.2d at 77 (citing Fed. R. Civ. P. 1 (rules "shall be construed to secure the just . . . determination of every action")). See also Nationsbank of Florida, 867 F. Supp. 167, 174 (S.D.N.Y. 1994) (denying motion for entry of default judgment and, in doing so, quoting Surowitz v. Hilton Hotels, 383 U.S. 363, 15 L. Ed. 2d 807, 86 S. Ct. 845 (1966) for the principle that "the basic purpose of the Federal Rules is to 'administer justice through fair trials, not through summary dismissals'").

Defendants respectfully submit that good cause exists to set aside the default entered by the Court in this case. As set forth in the accompanying affidavit, the default in this case was not willful. To the contrary, defendants timely filed a motion to dismiss, and timely filed supplemental papers as directed by the Court. Defendants' counsel cooperated with plaintiff's counsel to timely file a joint discovery plan and, after conferring with his client pursuant to Local Rule 16.1 (D) (3), duly filed certifications of his client and himself which so stated. Under these circumstances, defendants, who diligently moved to dismiss at the outset of the case and then repeatedly conferred with plaintiff's counsel and the Court subsequent to the entry of the Court's Memorandum and Order dated October 13, 2006, did not willfully ignore any deadlines. See Snyder v. Talbot, 836 F. Supp. 26, 29 (D. Me. 1993) (noting that defendants remained in contact with the court, which "militated against categorizing their conduct as 'willful'"); see also Lucerne Farms v. Baling Techs., Inc., 208 F.R.D. 463, 467 (D. Me. 2002)

3

("The haste with which Defendant moved to lift the entry of default . . . suggested that the default was not willful.").

Moreover, plaintiff would suffer no prejudice if the default were set aside. To the contrary, defendants already outlined their primary defenses in voluminous submissions presented in connection with their motion to dismiss, and discovery has not yet commenced. Defendants, moreover, have submitted herewith a proposed answer which they are prepared to file immediately upon the disposition of this motion, if the Court grants leave to do so. The parties have already agreed to a proposed joint discovery plan, which need not be delayed in the least if the default were set aside. In any event, even if plaintiff were to allege the existence of any "prejudice" due to a delay, "[a] delay alone does not constitute prejudice, absent some further disadvantage such as the death of a witness or unavailability of evidence." See Lucerne Farms, 208 F.R.D. at 467. See also Coon, 867 F.2d at 77 ("We will not infer prejudice merely from the passage of the amount of time involved here, especially in a case like this one, where plaintiff was apparently content to wait for close to a year and a half . . . ."); One Parcel, 763 F.2d at 183 (simply requiring a party to litigate the action does not amount to prejudice). Here, there is no such prejudice. "). See LeShore v. County of Worcester, 945 F.2d 471, 473-474 (1st Cir. 1991) (affirming trial court's removal of default where attorney's default was due to personal difficulties and no prejudice was incurred by the filing of a late answer).

Furthermore, defendants have meritorious defenses to plaintiff's claims in this case. By its Memorandum and Opinion dated September 17, 2006, the Court dismissed Counts IV and V of plaintiff's complaint. Moreover, the Court noted that "Shutzer alleges that he reached an oral agreement with the defendants," and that "[t]he Statute of Frauds renders unenforceable an oral agreement if it cannot be performed within one year of its making." See

4

Memorandum dated September 17, 2006, at 5. The Court concluded that plaintiff's claims could not be dismissed at the pleadings stage, because "the plaintiff has sufficiently alleged facts which would, if proven, justify a finding of estoppel that would defeat defendants' Statute of Frauds defense." Id at 9. Defendants thus would defend against plaintiff's claims by contesting that the elements of estoppel can be satisfied in the case at bar and, if estoppel does not exist, plaintiff's claims are barred by the Statute of Frauds. See Meehan, 652 F.2d at 277 ("[d]efaults are not favored, particularly when the case presents issues of fact"). See also Federal Deposit Insurance Corp. v. Francisco Investment Corp., 873 F.2d 474, 479 (1st Cir. 1989) (holding that entry of default should be set aside where there was a potentially meritorious defense and no prejudice would flow to the opposing party).

Moreover, where, as here, a plaintiff claims to be an employee in the absence of any written contract, he is an "at-will" employee and thus subject to dismissal without cause. See Cousin v. Sofono, Inc., 2003 WL 22391233, *8 (D. Mass. 2003) ("As an employee at-will, plaintiff's employment could be terminated by [the employer] at any time for any, or no, reason at all") (emphasis added) (citing Jackson v. Action for Boston Cmty. Dev., Inc., 403 Mass. 8, 9 (1988)). Accordingly, defendants would assert that plaintiff's claims for any "breach" of the terms of his at-will "employment" are barred as a matter of law. In light of these and other defenses set forth in the proposed answer submitted herewith, defendants respectfully submit that meritorious defenses exist in this case. See Coon, 867 F.2d at 77 ("The 'meritorious defense' component of the test for setting aside a default does not go so far as to require that the movant demonstrate a likelihood of success on the merits. Rather, a party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense.").

5

The default in this case was, if anything, caused by stresses and oversights which, although regrettable, do not evidence any willful disregard for the rules. Defendants' counsel misunderstood Mr. Slater's communication regarding the settlement conference, and overlooked the deadline to file an answer while he nonetheless attended to various other matters in this case, as required pursuant to Local Rule 16.1 (D). See Meehan, 652 F.2d at 277 ("While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort."). Among other things, defendant's counsel contacted plaintiff's counsel to prepare and file a joint discovery plan, met with his client to discuss and prepare an ongoing defense, and prepared and filed certifications with the Court, as required pursuant to Local Rule 16.1 (D) (3). Defendants submit that this flurry of activity does not suggest any willful disregard for the Court's rules, nor any intention to default in defending this matter. See Lucerne Farms, 208 F.R.D. at 465-66.

The timing of defendants' motion to set aside the default also weighs in favor of a finding of "good cause" pursuant to Fed. R. Civ. P. 55(c). The Court entered the default by Order dated October 13, 2006. Shortly thereafter, defendants filed the instant motion (although the Court, by its Order, had allowed defendants until October 30 to do so). Defendants' prompt filing of the instant motion demonstrates that their default was not willful, and also militates against any finding of prejudice due to any undue delay. See Lucerne Farms, 208 F.R.D. at 467 ("The haste with which Defendant moved to lift the entry of default both suggested that the default was not willful . . . and helped to minimize any further delay in the case that might disadvantage Plaintiff. This factor thus works in Defendant's favor.") (internal citation omitted).

The size of any potential judgment in this case, coupled with the defenses available to defendants with respect to any such judgment, also weighs in favor of setting aside

6

the default in this case. In this action, plaintiff seeks damages of approximately $1,750,000.00. Defendants respectfully submit that the Court should allow defendants to litigate this matter on the merits, rather than allow plaintiff to proceed by default in a matter involving claims totaling $1,750,000.00 as a result of any misunderstanding or oversight on the part of counsel. See Lucerne Farms, 208 F.R.D. at 467 ("Plaintiff estimates that it is entitled to damages of at least $140,000. . . . This is a significant amount of money, which counsels in favor of resolving the dispute on the merits.").

For all of these reasons, defendants respectfully submit that good cause exists to set aside the default in this case pursuant to Fed. R. Civ. P. 55 (c), to extend the time for defendants to file an answer, and to grant defendants leave to file an answer in the form respectfully submitted herewith.

## **CONCLUSION**

For the reasons set forth above, defendants respectfully request that the Court set aside the default, extend the time to defendants to answer, and grant defendants leave to file an answer in the form respectfully submitted herewith.

Dated: October 18, 2006

S. ROTHSCHILD & CO., INC., S. ROTHSCHILD MEN'S, INC. and MARK FRIEDMAN

By their attorneys,

/s/ Paul H. Schafhauser
Paul H. Schafhauser (admitted pro hac vice)
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400

/s/ Dennis E. McKenna
Dennis E. McKenna BBO # 556428
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

HF 3414269v.2 #04916/0046

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE SHUTZER,<br><br>     Plaintiff<br><br>v.<br><br>S. ROTHSCHILD & CO., INC. and S. ROTHSCHILD MEN'S, INC. and MARK FRIEDMAN,<br><br>     Defendants | Civil Action No. 1:05-CV-11486<br>Hon. Mark L. Wolf, U.S.D.J. |

### CERTIFICATE OF SERVICE

    I, Meegan B. Casey, Esquire, hereby certify that on this 18th day of October, 2006, I caused a true and accurate copy of the foregoing document to be served by first class mail, postage prepaid, upon: Lawrence M. Slater, Esquire, 270 Union Street, Suite 202, Lynn, Massachusetts 01901.

                                        /s/ Meegan B. Casey
                                        Meegan B. Casey

976920.1