UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | | |
|---|---|---|
| LAWRENCE SHUTZER, | ) | C.A. NO. |
| PLAINTIFF | ) | 05-11486-MLW |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| S. ROTHSCHILD & CO, INC., S. | ) | |
| ROTHSCHILD MEN'S, INC. AND | ) | |
| MARK FRIEDMAN, | ) | |
| DEFENDANTS | ) | |

_____)

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT

Now comes the Plaintiff, Lawrence Shutzer, and opposes the Motion of the Defendants to set aside the default entered against them by the Court.

As reasons therefore, the Plaintiff says that the Defendants' failure to comply with the Court's order is not just limited to failure of senior counsel to attend the Initial Scheduling Conference without obtaining permission of this Court, but also failure of counsel to confer within the time limits set forth in the order (21 days) and failure of counsel to respond to Plaintiff's settlement demand in good faith.

The Defendants' argument, reduced to its essence, says that the Defendants should not be denied a chance to defend against the Plaintiff's Complaint solely because of the inadvertent error of their counsel. They assert that they have a meritorious defense.

If that is, indeed, the case, it is more than curious that Defendants' counsel could not articulate to Plaintiff's counsel what that defense is some eleven months into the litigation. (Affidavit of Lawrence M. Slater, par. 12) Coupled with the Defendants' extraordinary efforts to transfer the case to New York City (arguing the "necessity" of testimony from witnesses with little or no involvement with the transaction between the parties and downplaying that the headquarters of the joint operation was actually in Marblehead, Massachusetts) one might reasonably infer that there is no reasonable defense. Surely, Defendants' senior counsel, a partner of Daniel Swick, Esq. who represented the Defendants in the transaction with the Plaintiff should be able to articulate the Defendants' position as to why the deal between the parties fell apart. One might also consider the failure of the Defendants to respond to the Plaintiff's settlement

offer and the Defendants' refusal to consider any form of alternative dispute resolution. The Court may well conclude that the Defendants have no meritorious defense and that this is simply (as prior submissions to the Court have set forth) a blatant  effort by the Defendants to use their greater financial resources and the Plaintiff's advanced age and health problems to force him to give up on his rights to pursue this case.

In the event that the Court does set aside the default, the Plaintiff argues that it should do so conditioned upon Defendants paying the Plaintiff's attorneys fees incurred in connection with this part of the case.

The Plaintiff refers the Court to the Affidavit of Lawrence M. Slater, Esq., contemporaneously filed herewith in support of this Opposition.

Lawrence Shutzer
By his attorney

s/Lawrence M. Slater, Esq.
Lawrence M. Slater, Esq.
BBO No.  466320
270 Union Street, Suite 202
Lynn, MA  01901
(tel.) 781-592-0216
(fax) 781-592-0217
Email Lawrenceslater@verizon.net
