UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE SHUTZER,           ) | C.A. NO. |
| PLAINTIFF                   ) | 05-11486-MLW |
|                             ) | |
| V.                          ) | |
|                             ) | |
| S. ROTHSCHILD & CO, INC., S. ) | |
| ROTHSCHILD MEN'S, INC. AND  ) | |
| MARK FRIEDMAN,              ) | |
| DEFENDANTS                  ) | |

## AFFIDAVIT OF LAWRENCE M. SLATER

Lawrence M. Slater deposes and says as follows:

    1.    I am an attorney and member of the Bar of the Commonwealth of Massachusetts since 1973. I practice at 270 Union Street, Suite 202, Lynn MA 01901.

    2.    I have represented the Plaintiff in this action from the inception of the case.

    3.    On Friday, October 13, 2006, I attended the Initial Scheduling Conference during which I orally moved for the entry of a default against the Defendants for failure to file an Answer. This Motion was allowed by the Court. At the October 13, 2006 hearing, I advised the Court that I was aware beforehand that Mr. Schafhauser, the Defendants' senior attorney, was not planning to attend the hearing and would not attend the hearing. I told the Court that I had had prior communications with Mr. Schafhauser in which he advised me that Defendants' Boston counsel would be attending in his stead.

    4.    I have read Mr. Schafhauser's Affidavit, dated October 18, 2006, submitted in support of the Defendants' Motion to Set Aside the Default. It is correct in the following respects:

    (a)    I did e-mail a proposed Joint Statement for the Initial Scheduling Conference to Mr. Schafhauser on October 5, 2006 at 2:36PM.
    (b)    Mr. Schafhauser did call me the following day, October 6, 2006 during which time he advised me that he had not had the opportunity to confer with his client so as to be able to sign the required certifications with

respect to alternative dispute resolution and a litigation budget. As the Joint Statement was due to be e-filed that day, we jointly called Docket Clerk Kathlene Boyce to see what she recommended with regard to the required certifications. Ms. Boyce indicated that it was acceptable that I e-file the Joint Statement and my certifications on October 6th and that the Defendant's counsel could file his certifications after he had the opportunity to meet with his client on the following Tuesday. I thereupon e-filed the Joint Statement and my certifications and duly served same on the Defendants' counsel.

5. Mr. Schafhauser's recitation of our communications relative to his attending the initial scheduling conference and compliance with the Court's Order is not entirely complete. What transpired to the best of my memory and my file records was as follows:

6. On September 22, 2006, pursuant to the Court's order that counsel for both sides confer at least 21 days prior to the initial scheduling conference, I called Mr. Schafhauser and was told that he was not in. I thereupon left a message for him to call me.

7. When I had not heard from Mr. Schafhauser by Monday, September 25, 2006, I sent him the e-mail, attached, hereto as Exhibit "A". I did not hear back from him that day.

8. Mr. Schafhauser called me back on September 26, 2006. (I am not entirely sure, but I may have called him first, and he then called me back). In this phone conversation we conferred, as required by the Court order. I raised the issue of alternative dispute resolution. He said that his client was not interested. He then asked me if it was possible to have the initial scheduling conference by telephone conference call rather than requiring him to have to fly to Boston for the scheduled 4:00PM Friday court appearance. I told him that I had participated in several court hearings by telephone conference call in the past, but that I was not sure what Judge Wolf's practice was, particularly with respect to an Initial Scheduling Conference. I told him that I had no objection, if the Court had no objection. We also discussed the possibility of Mr. McKenna (the Defendants' senior counsel from Reimer & Braunstein who had taken part in the case since the inception of Defendants' appearance) substituting for Mr. Schafhauser. My best memory is that Mr. Schafhauser asked me if I could let him know if it was acceptable to me and the Court. On September 29, 2006, I received an e-mail from Mr. Schafhauser at 3:05PM asking me whether we could do the scheduling conference by telephone conference call. A copy of the e-mail is attached hereto as Exhibit "B". I called Mr. O'Leary, Judge Wolf's Courtroom Clerk, who advised me that the Court would require obtaining its permission either to have a conference call hearing, or, in the alternative, to have Mr. McKenna attend in Mr. Schafhauser's stead. I do not recall if my discussion with Mr. O'Leary occurred before I received Exhibit "B" or after. At 3:53PM. I sent Mr. Schafhauser the e-mail attached as Exhibit "C", advising him that he would have to file a Motion as per Mr. O'Leary's instructions.

9. Also, on September 29 2006, I faxed and mailed to Mr. Schafhauser a letter setting forth a detailed offer of settlement, as per the Court's prior order.

10. On October 6, 2006, I received an e-mail from Mr. Schafhauser, a copy of which is annexed hereto as Exhibit "D", stating that he would not be appearing "in light of my advice." I noted that Mr. McKenna was cc'ed on the e-mail.

11. On October 10, 2006, Mr. Schafhauser sent me an e-mail, a copy of which is annexed as Exhibit "E", asking for a PDF copy of the Joint Statement (I had previously served him by e-mail and regular mail). I complied and sent him an e-mail the same day, attached as Exhibit "F", also asking him to reply to my settlement offer.

12. On October 12, 2006, the day before the scheduled conference, I called Mr. Schafhauser to inquire if he had any response to my written settlement offer. He told me that I would receive my response at the initial scheduling conference from local counsel. I attempted to draw him out; however all he would say was that the counter offer was not anywhere close to my demand. I told him that it was obvious to me that his clients' strategy was to engage in a "war of attrition," taking advantage of my client's age, health and inferior financial resources. I reiterated that this is a case which should be settled. I said that my client would engage in arbitration, mediation or any other ADR format. He reiterated that his client was not so inclined. I then asked if we could discuss the merits of the case and, particularly, the question to which neither my client, nor I had an answer; to wit: why his client would not sign the contracts which had been negotiated between the parties and why the deal fell apart? He agreed with me that this issue was, indeed, at the crux of the dispute, but he said he was still unclear as to his client's position. I expressed my astonishment that he still did not know his client's position approximately eleven months into our litigation.

13. I have expended eight hours in time billable to my client including attendance at the Initial Scheduling Conference (2.5 hours); telephone discussion with Mr. Schafhauser following the Court appearance (1.00 hour); telephone conversations with successor counsel (.5 hours); review of Defendants' Submissions and the file (1.5 hours) and preparation of my Submissions (2.5 hours). If the Court does set aside the default, I anticipate attending an additional scheduling conference (another 2.5 hours). Accordingly, I will have billed my client for a total of 10.5 hours. My regular billing rate is $225 per hour for a total of $2,362.50.

Subscribed under the penalties of perjury this 15 day of November, 2006.

s/ Lawrence M. Slater
Lawrence M. Slater

3

**EXHIBIT A**

Lawrence **M Slater**

**From:** Lawrence M Slater [lawrenceslater@verizon.net]
**Sent:** Monday, September 25, 2006 10:13 AM
**To:** 'pschafhauser@herrick.com'
**Subject:** Shutzer v. Rothschild & Co., Inc.

Paul,

I attempted to speak with you by telephone on Friday. Judge Wolfe's Order directs that we confer as of last Friday (21 days prior to the court conference). Please give me a call at your earliest convenience.

Larry

Lawrence M. Slater, Esq.
270 Union Street Suite 202
Lynn, Ma 01901
781-592-0216
lawrenceslater@verizon.net

**EXHIBIT B**

**Lawrence M Slater**

**From:** Schafhauser, Paul [pschafhauser@herrick.com]
**Sent:** Friday, September 29, 2006 3:05 PM
**To:** lawrenceslater@verizon.net
**Subject:** Schutzer

Larry:

Can we do the scheduling conference by telephone? Please let me know. Thanks.

Paul


Paul H. Schafhauser, Esq.
Herrick, Feinstein, LLP
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 274-2098
Facsimile: (973) 274-6414
pschafhauser@herrick.com

The information in this message may be privileged, intended only for the use of the named recipient. If you received this communication in error, please immediately notify us by return e-mail and destroy the original and any copies. Any tax advice contained in this communication is not intended and cannot be used for the purpose of avoiding tax-related penalties.

# EXHIBIT C

**Lawrence M Slater**

**From:** Lawrence M Slater [lawrenceslater@verizon.net]
**Sent:** Friday, September 29, 2006 3:53 PM
**To:** 'Schafhauser, Paul'
**Subject:** RE: Schutzer

Paul,

I called the court and spoke with Judge Wolfe's courtroom clerk, Dennis O'Leary, who advised me that it is not Judge Wolf's common practice to allow the initial conference to be held by TCC. He said that you would have to file a motion to do so or to have your local counsel represent your client in your stead. He further said that lately the judge has been in a "kinder, gentler mood" and he might allow it for good cause shown.

Larry

Lawrence M. Slater, Esq. 270
Union Street Suite 202 Lynn,
Ma 01901
781-592-0216
lawrenceslater@verizon.net

> ---- Original Message----
> **From:** Schafhauser, Paul [mailto:pschafhauser@herrick.com]
> **Sent:** Friday, September 29, 2006 3:05 PM
> **To:** lawrenceslater@verizon.net
> **Subject:** Schutzer
>
>
> Larry:
>      Can we do the scheduling conference by telephone? Please let me know. Thanks.
> Paul
>
>
> Paul H. Schafhauser, Esq.
> Herrick, Feinstein, LLP
> One Gateway Center
> Newark,  New  Jersey  07102
> Telephone:  (973)  274-2098
> Facsimile:  (973)  274-6414
> pschafhauser@herrick.com

The information in this message may be privileged, intended only for the use of the named recipient. If you received this communication in error, please immediately notify us by return e-mail and destroy the original and any copies. Any tax advice contained in this communication is not intended and cannot be used for the purpose of avoiding tax-related penalties.

EXHIBIT D

**Lawrence M Slater**

**From:** Schafhauser, Paul [pschafhauser@herrick.com]
**Sent:** Friday, October 06, 2006 11:58 AM
**To:** Lawrence M Slater
**Cc:** dmckenna@riemerlaw.com
**Subject:** RE: Schutzer

Larry:
  In light of your advice, it is my expectation that local counsel will appear at the conference.
Regards,
Paul


Paul H. Schafhauser, Esq.
Herrick, Feinstein, LLP
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 274-2098
Facsimile: (973) 274-6414
pschafhauser@herrick.corn



**From:** Lawrence M Slater [mailtodawrenceslater©verizon.net]
**Sent:** Friday, September 29, 2006 3:53 PM
To: Schafhauser, Paul
**Subject:** RE: Schutzer

Paul,

I called the court and spoke with Judge Wolfe's courtroom clerk, Dennis O'Leary, who advised me that it is not Judge Wolf's common practice to allow the initial conference to be held by TCC. He said that you would have to file a motion to do so or to have your local counsel represent your client in your stead. He further said that lately the judge has been in a "kinder, gentler mood" and he might allow it for good cause shown.

Larry

Lawrence M. Slater, Esq. 270
Union Street Suite 202 Lynn,
Ma 01901
781-592-0216
lawrenceslater@verizon.net

>    -----Original Message----
>    **From:** Schafhauser, Paul [mailto:pschafhauser©herrick.com]
>    **Sent:** Friday, September 29, 2006 3:05 PM
>   To: lawrenceslater©verizon.net
>    **Subject:** Schutzer

**EXHIBIT E & F**

**Lawrence M Slater**

**From:** Lawrence M Slater [lawrenceslater@verizon.net]
**Sent:** Tuesday, October 10, 2006 10:22 AM
**To:** 'Schafhauser, Paul'
**Subject:** RE: JOINT STATEMENT FOR INITIAL SCHEDULING CONFERENCE 10-05-06.doc

Paul,

I requested that my assistant send it to you. Hopefully, you have it by now. Since you are not coming to the scheduling conference, will you be able to reply to my settlement offer after you meet with your client today? Please let me know. I think that this is a case that should settle.

Larry


Lawrence M. Slater, Esq. 270

Union Street Suite 202 Lynn,

Ma 01901

781-592-0216

lawrenceslater@verizon.net


    ---- Original Message ---
    **From:** Schafhauser, Paul [mailto:pschafhauser©herrick.com]
    **Sent:** Tuesday, October 10, 2006 8:43 AM
    **To:** Lawrence M Slater
    Cc: Dennis E McKenna; Meegan B Casey
    **Subject:** RE: JOINT STATEMENT FOR INITIAL SCHEDULING CONFERENCE 10-05-06.doc

    Larry:
       If you could, please have your assistant PDF to me a copy of the joint statement that was filed with the Court. Thanks for your courtesies.
    Regards,
    Paul



    Paul H. Schafhauser, Esq.
    Herrick, Feinstein, LLP
    One Gateway Center
    Newark, New Jersey 07102
    Telephone: (973) 274-2098
    Facsimile: (973) 274-6414
    pschafhauser@herrick.com