**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| LAWRENCE SHUTZER, | : | Case No.: 1:05-CV-11486 |
| | : | |
| Plaintiff, | : | Hon. Mark L. Wolf, U.S.D.J. |
| | : | |
| vs. | : | |
| | : | |
| S. ROTHSCHILD & CO., INC. and S. ROTHSCHILD MEN'S, INC. and MARK FRIEDMAN, | : | **ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND JURY DEMAND** |
| Defendants. | : | |
| _____ | : | |
| S. ROTHSCHILD & CO., INC. and S. ROTHSCHILD MEN'S, INC., | : | |
| Counterclaim Plaintiffs, | : | |
| vs. | : | |
| LAWRENCE SHUTZER, | : | |
| Counterclaim Defendant. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

Defendants S. Rothschild & Co., Inc. ("SRC") and S. Rothschild Men's, Inc. ("RMI") (collectively, "Defendants"), state as follows by way of answer to the complaint (the "Complaint") of plaintiff Lawrence Shutzer ("Shutzer"):

**PARTIES**

1. Defendants admit that plaintiff is an individual, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that SRC is a corporation having a principal place of business

in New York, deny the remaining allegations contained in Paragraph 2 of the Complaint, and further aver that SRC is formed and organized under the laws of the State of New York.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit that RMI is a wholly owned subsidiary of SRC, and state that the remaining allegations contained in Paragraph 4 of the Complaint are too vague and indefinite to be reasonably susceptible to answer, and further aver that SRC and RMI are operated by the same management team.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint, except they deny that Mark Friedman is a principal shareholder of RMI.

## JURISDICTION AND VENUE

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7.

8. Defendants neither admit nor deny the allegations contained in Paragraph 8 of the Complaint, as such allegations constitute legal conclusions.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that Shutzer met with Mark Friedman ("Friedman") in or about December 1999 and/or early 2000, but deny plaintiff's allegations regarding the nature of such discussions, except to admit that Friedman was interested in expanding the men's clothing business of SRC. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that the parties engaged in discussions regarding a potential acquisition of the assets of Mimco, Inc. ("Mimco"), but deny that defendants engaged in

discussions regarding any "merger of the companies." Defendants further admit that the parties did not enter into a signed, written contract for such acquisition, and that SRC thereafter hired certain former employees of Mimco, on an at-will employment basis. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants are unaware of any entity named "RMC" and, accordingly, defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint regarding RMC. Defendants admit, however, that Friedman and Shutzer met on several occasions to discuss potential business opportunities for SRC and/or RMI. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint, including plaintiff's allegations regarding any "agreement" on the terms and conditions alleged therein.

13. Defendants are unaware of any entity named "RMC" and, accordingly, defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint regarding RMC. Defendants admit, however, that RMI was incorporated, and that SRC and Shutzer entered into an agreement during 2000 by which Shutzer was to perform certain services for SRC. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint, including any allegation that Shutzer "relied" on any "agreement" between Shutzer and Friedman, and aver that there were no such agreements as alleged.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint, and aver that there were no such agreements as alleged.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that SRCentered into an agreement during 2000 by which

Shutzer was to perform certain services for SRC. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint, and aver that there were no such agreements as alleged.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint and, aver that there were no such promises as alleged.

22. Defendants state that the phrase "[a]t all time material hereto," makes the allegations in Paragraph 22 too vague and indefinite to be reasonably susceptible to answer. Defendants admit, however, that Mark Friedman had authority to act on behalf of SRC and RMI in his dealings with Shutzer.

## COUNT I

23. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint, and aver that there were no such agreements.

## COUNT II

25. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

## COUNT III

27. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

## COUNT IV

32. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Defendants state that the Court dismissed Count IV of the Complaint by Order dated September 19, 2006, and, therefore, no response is required.

34. Defendants state that the Court dismissed Count IV of the Complaint by Order dated September 19, 2006, and, therefore, no response is required.

35. Defendants state that the Court dismissed Count IV of the Complaint by Order dated September 19, 2006, and, therefore, no response is required.

## COUNT V

36. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Defendants state that the Court dismissed Count V of the Complaint by Order dated September 19, 2006, and, therefore, no response is required.

## COUNT VI

38. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 37 of the Complaint as though fully set forth herein.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

## COUNT VII

41. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint is barred, both in whole and in part, insofar as it fails to state a cause of action upon which relief may be granted.

2. The Complaint is barred, both in whole and in part, by the Statute of Frauds.

3. The Complaint is barred, both in whole and in part, by the Statute of Limitations.

4. The Complaint is barred, both in whole and in part, insofar as the parties intended to be bound only by a signed agreement, and no such signed agreement was ever executed between the parties regarding the matters alleged in the Complaint.

5. Should it be determined that Shutzer was employee of SRC, the Complaint is barred, both in whole and in part, because Shutzer was an at-will employee of SRC and, accordingly, could be terminated with or without cause.

6. The Complaint is barred, both in whole and in part, by the lack of any reliance by Shutzer on any alleged agreements, promises and/or commitments.

7. The Complaint is barred, both in whole and in part, because any alleged reliance by Shutzer was not reasonable or justified under the circumstances.

8. The Complaint is barred, both in whole and in part, by the doctrines of estoppel, waiver and/or laches.

- 7 -

9. The Complaint is barred, both in whole and in part, by the doctrine of unclean hands.

10. The Complaint is barred, both in whole and in part, by the doctrine of setoff.

11. The Complaint is barred, both in whole and in part, by an accord and satisfaction, insofar as Shutzer has already been paid for the matters alleged in the Complaint.

12. The Complaint is barred, both in whole and in part, by Shutzer's failure to perform his duties and responsibilities.

13. At all relevant times, plaintiff failed to perform certain conditions precedent to the duties, if any, of defendants. Plaintiff's non-performance excuses defendants' obligations.

14. Defendants have completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

15. Counts IV and V of the Complaint (and all claims against Mark Friedman) have been dismissed by Memorandum and Order of the Court dated September 19, 2006.

16. Plaintiff has failed to mitigate any alleged damages.

WHEREFORE, defendants demand judgment dismissing the Complaint, granting legal fees and costs of suit, and granting such other and further relief as this Court may deem just and equitable.

## COUNTERCLAIM

Defendants SRC and RMI, by way of Counterclaim against Shutzer, state as follows:

## PARTIES

1. Counterclaim Plaintiff S. Rothschild & Co., Inc. ("SRC") is a corporation formed and organized under the laws of the State of New York with a principal place of business in New York, NY.

2. Counterclaim Plaintiff S. Rothschild Men's, Inc. ("RMI") (together with SRC, "Defendants/Counterclaim Plaintiffs") is a corporation formed and organized under the laws of the State of Delaware with a principal place of business in New York, NY.

3. Upon information and belief, Counterclaim Defendant, Lawrence Shutzer ("Shutzer"), is an individual residing in Swampscott, Essex County, MA.

## SUBJECT MATTER JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The parties are citizens of different states and the Counterclaim Plaintiffs are seeking damages in an amount exceeding $75,000. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

## FACTUAL BACKGROUND

5. In or around December 1999, SRC and Shutzer entered into discussions about the potential acquisition by SRC of certain assets of Mimco, Inc. ("Mimco"), the family-owned business by which Shutzer was employed. Upon information and belief, Mimco was, at the time, experiencing cash flow problems which adversely impacted its ability to conduct its business.

6. Not long after the discussions began, SRC decided not to move forward with a total asset purchase, and so informed Shutzer. Among the reasons for SRC's decision not to

- 9 -

purchase all of the assets of Mimco was the fact that Mimco was a defendant in a pending arbitration proceeding filed by Alexander Julian, Inc.

7. The parties did, however, agree that Shutzer would undertake efforts to persuade Wal-Mart and other customers to place with SRC those orders that had been placed with Mimco, but which Mimco could not fill, and to perform any work necessary to fill any orders that were placed with SRC, and, in return, SRC would reimburse Shutzer for certain expenses incurred in connection with the development of the orders.

8. SRC also hired certain Mimco employees, including Tom Lewis and David Shutzer, to expand SRC's growing men's division, for which Tom Lewis was of central importance. In connection with such employment, in or around February 2000, Defendants/Counterclaim Plaintiffs entered into negotiations with certain Mimco employees regarding written employment contracts. SRC also negotiated with Shutzer concerning a potential employment contract.

9. The parties never reached agreement on the material terms of such employment contracts, and no written contracts were ever signed. In particular, Mr. Lewis and David Shutzer refused to be bound by a non-competition clause.

10. Unlike the employment agreements, which were never signed, SRC entered into three written agreements with Shutzer in the summer/fall of 2000. Specifically, on July 1, 2000, SRC and Shutzer and/or Mimco entered into an Assignment of Lease by which SRC agreed to assume Mimco's lease for his showroom at 485 7th Avenue, Suite 310, New York, NY. In addition, on August 31, 2000, SRC agreed to pay Shutzer a one-time commission of $175,000 in exchange for Shutzer's delivery of $10 million in Wal-Mart purchase orders. And, on December

21, 2000, SRC agreed to purchase certain trademarks from Shutzer and/or Mimco for $250,000. All of these agreements were in writing.

11. Shutzer failed to adequately and satisfactorily perform his duties and responsibilities owed to Defendants/Counterclaim Plaintiffs under the parties' agreements.

12. Among other things, Shutzer failed to effectively and diligently develop new business relationships on SRC's/RMI's behalf or foster SRC's/RMI's existing customer relationships.

13. Shutzer also failed to devote the requisite diligence, care, devotion and attention to the performance of his duties and responsibilities, which resulted in, among other things, several charge backs taken by various customers against SRC and/or RMI.

14. Shutzer also failed to produce any samples or sketches, for which he was responsible, during the months of September through November 2000.

15. The parties discussed Shutzer's shortcomings on several occasions. Shutzer was repeatedly requested to devote the requisite diligence and care to his duties and responsibilities, but failed to do so.

16. Upon information and belief, Shutzer caused or allowed certain customer credits owed by Shutzer to be charged against Defendants'/Counterclaim Plaintiffs' customer accounts.

17. Tom Lewis, for his part, left SRC after only a few months, and David Shutzer left SRC shortly after Mr. Lewis.

18. By reason of the foregoing, Shutzer has breached his duties and obligations to Defendants/Counterclaim Plaintffs and has been unjustly enriched at the expense of Defendants/Counterclaim Plaintiffs.

19. As a direct and proximate result, Defendants/Counterclaim Plaintiffs have suffered damages in an amount to be proven at trial.

## FIRST COUNT

### (Breach of Contract)

20. Defendants/Counterclaim Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 19 of the Counterclaim as though fully set forth herein.

21. By reason of the foregoing, Shutzer owed contractual duties to Defendants/Counterclaim Plaintiffs.

22. Shutzer breached his contractual duties to Defendants/Counterclaim Plaintiffs by the aforesaid actions.

23. As a direct and proximate result, Defendants/Counterclaim Plaintiffs have incurred, and continue to incur, damages in an amount to be determined at trial.

WHEREFORE, Defendants/Counterclaim Plaintiffs demand judgment against Shutzer as follows:

    a. Awarding damages, plus pre- and post-judgment interest;

    b. Granting costs of suit; and

    c. Granting such other and further relief as the Court may deem just and equitable.

## SECOND COUNT

### (Breach of Good Faith and Fair Dealing)

24. Defendants/Counterclaim Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 23 of the Counterclaim as though fully set forth herein.

25. By reason of the foregoing, Shutzer was under a duty of good faith and fair dealing with respect to Defendants/Counterclaim Plaintiffs.

26. Shutzer, by the aforesaid actions, omissions and conduct, breached his duty of good faith and fair dealing.

27. As a direct and proximate result, Defendants/Counterclaim Plaintiffs have incurred, and continue to incur, damages in an amount to be determined at trial.

WHEREFORE, Defendants/Counterclaim Plaintiffs demand judgment against Shutzer as follows:

    a. Awarding damages, plus pre- and post-judgment interest;

    b. Granting costs of suit; and

    c. Granting such other and further relief as the Court may deem just and equitable.

### THIRD COUNT

### (Unjust Enrichment)

28. Defendants repeat and reallege the allegations contained in Paragraphs 1 through 27 of the Counterclaim as though fully set forth herein.

29. By reason of the foregoing, Shutzer has been unjustly enriched at the expense of Defendants.

30. If Defendants do not recover the sums by which Shutzer has been enriched at its expense, Shutzer will be unjustly enriched.

31. As a direct and proximate result, Defendants have incurred, and continue to incur, damages in an amount to be determined at trial.

**WHEREFORE**, Defendants demand judgment against Shutzer as follows:

    a. Awarding damages, including compensatory, punitive and exemplary damages, plus pre- and post-judgment interest;

    b. Granting costs of suit; and

    c. Granting such other and further relief as the Court may deem just and equitable.

## FOURTH COUNT

### (Promissory Estoppel)

32. Defendants repeat and reallege the allegations contained in Paragraphs 1 through 31 of the Counterclaim as though as though fully set forth herein.

33. Shutzer made clear and definite promises, representations and commitments that in exchange for certain consideration, he would perform certain services and provide certain benefits to Defendants with the understanding and expectation that Defendants would rely upon Shutzer's promises.

34. Defendants reasonably relied upon Shutzer's promises to their definite and substantial detriment, including but not limited to expending considerable sums in salary, expenses and legal fees. In addition, Defendants have incurred other expenses that they would not otherwise have incurred. In doing so, Defendants relied to their detriment on Shutzer's promises, representations and commitments.

35. As a direct and proximate result, Defendants have incurred, and continue to incur damages in an amount to be determined at trial.

**WHEREFORE**, Defendants demand judgment against Shutzer as follows:

a. Awarding damages, including compensatory, punitive and exemplary damages, plus pre- and post-judgment interest;

b. Granting costs of suit; and

c. Granting such other and further relief as the Court may deem just and equitable.

- 14 -

          S. ROTHSCHILD & CO., INC. and S.
          ROTHSCHILD MEN'S, INC.

          By their attorneys,


          /s/ Laura E. D'Amato
          David S. Weiss (BBO # 521090)
          Laura E. D'Amato (BBO # 641733)
          GOULSTON & STORRS, P.C.
          400 Atlantic Avenue
          Boston, MA 02110
          (617) 574-4112

Dated:  January 18, 2007

- 15 -

## JURY DEMAND

Defendants demand trial by jury of all issues so triable.

                                                       S. ROTHSCHILD & CO., INC. and S. ROTHSCHILD MEN'S, INC

                                                       By their attorneys,

                                                       /s/ Laura E. D'Amato
                                                       David S. Weiss (BBO # 521090)
                                                       Laura E. D'Amato (BBO # 641733)
                                                       GOULSTON & STORRS, P.C.
                                                       400 Atlantic Avenue
                                                       Boston, MA 02110
                                                       (617) 574-4112

Dated: January 18, 2007

Certificate of Service

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 18, 2007

                 /s/ Laura E. D'Amato
                 Laura E. D'Amato (BBO# 641733)