UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE SHUTZER,<br>        PLAINTIFF | )<br>) | C.A. NO.<br>05-11486-MLW |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| S. ROTHSCHILD & CO, INC., S.<br>ROTHSCHILD MEN'S, INC. AND<br>MARK FRIEDMAN<br>        DEFENDANTS | )<br>)<br>)<br>) | |
| | ) | |

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Now comes the Plaintiff, Lawrence Shutzer ("Shutzer"), and respectfully answers the Counterclaims of the Defendants, S. Rothschild & Co., Inc. ("SRC") and S. Rothschild Men's, Inc. ("RMI") as follows:

1.    Shutzer admits the allegations contained in paragraph 1.

2.    Shutzer admits the allegations contained in paragraph 2.

3.    Shutzer admits the allegations contained in paragraph 3.

4.    Shutzer admits the allegations contained in paragraph 4.

5.    Shutzer admits the allegations contained in paragraph 5.  Further answering, Shutzer avers that the allegations are an incomplete statement of the content of the discussions and incorporates herein paragraph 10 of the Complaint in this action.

6.    Shutzer denies the allegations contained in paragraph 6.

7.    Shutzer denies the allegations contained in paragraph 7 except that the parties did agree that certain Wal Mart orders would be placed through RMI.

8.    Shutzer admits the allegations contained in paragraph 8, but denies that Tom Lewis was of "central" importance.  Further answering, the term "central" importance is too vague to be properly responded to.

9.    Shutzer denies that agreement was not reached on the material terms of employment contract; admits that the written contracts were not signed and admits the remaining allegations.

  10. Shutzer admits the allegations contained in the first sentence of paragraph 10; denies that the $175,000 was a commission or was all that was due Shutzer for the Wal Mart purchase orders and admits the remaining allegations.

  11. Shutzer denies the allegations contained in paragraph 11.

  12. Shutzer denies the allegations contained in paragraph 12.

  13. Shutzer denies the allegations contained in paragraph 13.

  14. Shutzer denies the allegations contained in paragraph 14.

  15. Shutzer denies the allegations contained in paragraph 15.

  16. Shutzer denies the allegations contained in paragraph 16.

  17. Shutzer admits the allegations contained in paragraph 17.  Further answering, Shutzer says that Mr. Lewis and Mr. David Shutzer left because the Defendants (i) breached the understanding with Mr. Lewis and Mr. David Shutzer concerning the parameters of their duties and (ii) interfered in the said employees' ability to do their jobs which was to assist Shutzer in expanding the menswear business.

  18. Shutzer denies the allegations contained in paragraph 18.

  19. Shutzer denies the allegations contained in paragraph 19.

FIRST COUNT

  20. Shutzer repeats and incorporates herein by reference his answers to paragraphs 1-19, inclusive.

  21. With respect to the allegations contained in paragraph 21, Shutzer owed to RMI the contractual duties which every employee owes to an employer and further owed to RMI the duty set forth in the unsigned written employment contract.

  22. Shutzer denies the allegations contained in paragraph 22.

  23. Shtuzer denies the allegations contained in paragraph 23.

SECOND COUNT

  24. Shutzer repeats and incorporates herein by reference his answers to paragraphs 1-23, inclusive.

      25.    With respect to the allegations contained in paragraph 25, Shutzer admits that the duty of good faith and fair dealing was owed to his employer just as his employer owed him the same duties of good faith and fair dealing

      26.    Shutzer denies the allegations contained in paragraph 26.

      27.    Shutzer denies the allegations contained in paragraph 27.

THIRD COUNT

      28.    Shutzer repeats and incorporates herein by reference his answers to paragraphs 1-28, inclusive.

      29.    Shutzer denies the allegations contained in paragraph 29.

      30.    Shutzer denies the allegations contained in paragraph 30.

      31.    Shutzer denies the allegations contained in paragraph 31.

      32.    Shutzer repeats and incorporates herein by reference his answers to paragraphs 1-31, inclusive.

      33.    Shutzer admits the allegations contained in paragraph 33.

      34.    Shutzer denies the allegations contained in paragraph 34.

      35.    Shutzer denies the allegations contained in paragraph 35.

AFFIRMATIVE DEFENSES

      1.    The Counterclaims should be dismissed insofar as they fail to state a cause of action upon which relief can be granted.

      2.    The Counterclaims are barred pursuant to the applicable statute of frauds.

      3.    The Counterclaims are barred and should be dismissed under the applicable statutes of limitations.

      4.    The Counterclaims are barred under the doctrines of equitable and promissory estoppel, waiver and/or laches.

      5.    The Counterclaims are barred under the doctrine of setoff.

      6.    The Counterclaims are barred by reason of the Defendants' illegal and wrongful acts.

7. The Counterclaims are barred by reason of the Defendants' breaches of contract.

WHEREFORE, Shutzer demands judgment dismissing the Counterclaims and awarding Shutzer his legal fees and costs.

Respectfully submitted,

Lawrence Shutzer,
By his attorney,


S/Lawrence M. Slater_____
Lawrence M. Slater, Esq.
BBO No. 466320
270 Union Street
Lynn, MA  01901
(tel)781-592-0216
(fax) 781-592-0217
e-mail lslater@lmslater.com


SHUTZER demands a trial by jury of all issues so triable

S/Lawrence M. Slater_____
Lawrence M. Slater, Esq.
BBO No. 466320
270 Union Street
Lynn, MA  01901
(tel) 781-592-0216
(fax) 781-592-0217
e-mail lslater@lmslater.com